THE STATE OF OHIO, APPELLEE, *v.* KENT, APPELLANT.

(No. 40427—Decided April 24, 1980.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.
*Mr. Eugene Sidney Bayer,* for appellant.

KRENZLER, J.  On October 13, 1978, defendant-appellant, Ralph Kent, hereinafter referred to as appellant, was indicted for one count of kidnapping as defined by R. C. 2905.01, for two counts of rape as defined by R. C. 2907.02, for two counts of felonious assault as defined by R. C. 2903.11, and one count of attempted kidnapping as defined by R. C. 2905.01 and 2923.02. At his arraignment on October 19, 1978, appellant pled not guilty. He was found to be indigent and the Public Defender was assigned to represent him.

On October 27, 1978, appellant appeared before the court with his counsel. The prosecutor, at that time, informed the court that a plea bargain had been arranged. The prosecutor stated that if appellant withdrew his initial plea of not guilty and entered a plea of guilty to the first count, that of kidnapping, and to one of the two counts of rape, the prosecutor would recommend that the remaining four counts of the indictment be nolled.

After defense counsel indicated that appellant's rights had been explained to him and that he understood those rights, the defense counsel advised the court to inquire further for the record.

The court then inquired further of appellant. A review of the record indicates that the trial court meticulously followed the required procedure for the acceptance of guilty pleas as outlined in Crim. R. 11. Throughout, appellant indicated that he understood what his rights were; that he realized what trial rights he was giving up; that he was acting freely; and that he was making this plea in consideration of the state of Ohio recommending that the other counts of the indictment be nolled. Appellant also was advised that by pleading guilty he was saying, "I did it." He pled guilty to rape and to kidnapping. No facts were presented at this inquiry, nor did appellant present any facts to demonstrate that the crimes to which he had pled guilty were or were not allied offenses of similar import under R. C. 2941.25. The subject of allied offenses was never discussed at the time the plea was made.

The court then accepted the guilty pleas to the first count of the indictment for kidnapping and to the second count of the indictment for rape. The court nolled the other counts of the indictment. Appellant was referred to the probation department for presentence investigation.

On December 11, 1978, appellant filed a motion, through new counsel, to withdraw his plea of guilty. On December 27, 1978, appellant came before the trial court on the motion to withdraw the guilty plea. After questioning appellant, the court found that the guilty plea was made knowingly, intelligently, and voluntarily. The court overruled the motion to withdraw the plea. The court formally appointed appellant's new counsel as counsel for sentencing. The court sentenced appellant to consecutive sentences of seven to twenty-five

years on the kidnapping and rape counts. Appellant was fined $5,000 plus court costs. No reference was made to the issue of allied offenses at the time of sentencing. Appellant appeals from this judgment.

Appellant asserts three assignments of error for our consideration. These are as follows:

"I. The court erred when it denied appellant's motion to withdraw his guilty plea prior to sentencing when appellant entered a guilty plea under a misapprehension of the facts which prevented a knowing and intelligent waiver of his constitutional rights.

"II. The trial court erred when it denied appellant's motion to withdraw his guilty plea prior to sentencing because appellant was not effectively assisted by court appointed counsel which prevented knowing and intelligent waiver of his constitutional rights.

"III. The trial court erred in entering a conviction and judgment for both rape and kidnapping because rape and kidnapping are offenses of similar import subject to the limitations of Ohio Revised Code § 2941.25(A) which precludes conviction for both in this case."

The first and third assignments of error will be considered together. The underlying issue here is the procedure to be used when accepting a guilty plea under Crim. R. 11 when there may be allied offenses under R. C. 2941.25.

Crim. R. 11, which sets forth the procedure for accepting a guilty plea, became effective July 1, 1973. The law in regard to acceptance of a guilty plea is now well established. See *State* v. *Griffey* (1973), 35 Ohio St. 2d 101; *State* v. *Caudill* (1976), 48 Ohio St. 2d 342; *State* v. *Stewart* (1977), 51 Ohio St. 2d 86.

However, in 1974 the legislature adopted R. C. 2941.25. This statute provides as follows:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

It then becomes necessary to determine the relationship of the allied offense statute to the acceptance of a guilty plea and a judgment of conviction.

The allied offense statute does not mean that persons cannot be either indicted, tried or found guilty of multiple offenses, even when they are classified as allied offenses. See *State* v. *Osborne* (1976), 49 Ohio St. 2d 135, 144, vacated on other grounds (1978), 438 U. S. 911. Whether multiple offenses are allied offenses depends upon the facts and circumstances in each case. In other words, certain offenses may be allied offenses in one case and may not be allied offenses in another case.

The allied offense statute merely provides that where allied offenses are present, the person can only be convicted of one of the offenses. Conviction in this context means a judgment of conviction.

A judgment of conviction has been defined as a plea or verdict of guilty and the sentence imposed. Crim. R. 32(B); *State* v. *Henderson* (1979), 58 Ohio St. 2d 171. Thus, the sentence imposed completes the judgment of conviction. When we speak of the allied offense doctrine, we are speaking of offenses for which an individual may be sentenced. In reality, the allied offense statute is a sentencing vehicle.

The determination of whether there are allied offenses of similar import with a single animus, thus justifying a judgment of conviction for only one offense, is a legal issue for the court to determine.

In a jury trial after a jury verdict of guilty is returned for multiple offenses, the court will make a legal determination as to whether, based on the evidence, there are allied offenses of similar import with a single animus. See *State* v. *Osborne, supra,* at 144. If there are such allied offenses, a judgment of conviction can only be entered for one offense. If the court concludes that they were not allied offenses of similar import with a single animus, the court will enter a judgment of conviction for each of the offenses. Appropriate standards for such an inquiry have been enunciated by the Ohio Supreme Court in *State* v. *Logan* (1979), 60 Ohio St. 2d 126.

The same thing will apply in a guilty plea. A defendant may enter pleas of guilty to multiple offenses of similar import. After the court accepts the plea of guilty to all of the offenses,

a determination will then be made as to whether they were allied offenses of a similar import with a single animus.

This can occur in one of several situations.

First, if either the prosecutor, the defense counsel, or a defendant advises the court that the defendant is pleading guilty to multiple offenses and that in entering the plea consideration was given to the allied offense statute, the court can then accept the guilty plea and enter a judgment of conviction for all of the offenses to which the party has pled guilty.[1]

In the event that a statement similar to that given above is not made, but a defendant affirmatively raises the issue of allied offenses and indicates that he is entering a plea of guilty to multiple offenses that are allied offenses of similar import and that a judgment of conviction can only be entered for one, the court will proceed to accept the guilty plea to all of the offenses. The court will then conduct a *voir dire* hearing to determine whether they are allied offenses of similar import with a single animus which would require a judgment of conviction for only one offense. If, after conducting such a hearing on the record, the count determines that the offenses are allied offenses of similar import with a single animus, a judgment of conviction for only one offense may be entered. If the court, after conducting a hearing on the record, determines that there were multiple offenses of dissimilar import or offenses committed separately or with a separate animus as to each, the court will then enter a judgment of conviction for each of the offenses. R. C. 2941.25(A) and (B).

In the event that nothing is said to the court by either defense counsel, the defendant, or the prosecutor concerning allied offenses and a defendant pleads guilty to multiple offenses of similar import, the court will accept the guilty plea for each offense. Before entering the judgment of conviction, however, the court should advise the defendant of the possibility of allied offenses and afford him an opportunity to present evidence on which the court could determine whether there

---

[1] When there is a probability that the allied offense issue may arise in a case, the prosecutor and defense counsel would be well advised to squarely confront the issue in any plea bargaining that takes place. By resolving this question at the plea bargaining stage and incorporating the resolution of the allied offense issue in the plea bargain to be placed on the record, the prosecutor and defense counsel will act to avoid later problems in the validity of the plea bargain, in the entering of the plea, in the acceptance of the plea, in the judgment of conviction, and any appeal of the case.

were allied offenses of similar import as opposed to offenses of dissimilar import or offenses committed separately or with a separate animus as to each.

While Crim. R. 11, effective in 1973, makes no reference to allied offenses and the cases hold that it is not necessary to have a factual basis before acceptance of a guilty plea, *State* v. *Ricks* (1976), 48 Ohio App. 2d 128; *State* v. *Wood* (1976), 48 Ohio App. 2d 339, to effectively administer the allied offense statute, an additional responsibility is imposed upon the court under Crim. R. 11.

This would occur after a person pleads guilty to multiple offenses of similar import. If nothing is said by either the prosecutor or the defendant in regard to allied offenses and the court has accepted the guilty plea to all of the offenses, the court has an affirmative duty to make inquiry as to whether the allied offense statute would be applicable. Under these circumstances, the court would explain that in Ohio there is an allied offense statute. And thus, depending upon the evidence, a judgment of conviction may only be entered for one offense; and a hearing would be held to determine if there are such allied offenses.

We recognize that Crim. R. 11 does not contain a requirement that the court conduct such a hearing after accepting the guilty plea. Nevertheless, the allied offense statute is mandatory in that when there are allied offenses of similar import, there can only be one judgment of conviction.

Therefore, two significant alternatives present themselves. First, the trial court could accept the guilty plea to the multiple offenses of similar import, make no further inquiry, and sentence the defendant for each offense. Then, if an appeal is taken, a defendant who has pled guilty to multiple offenses of similar import may raise the issue that there were allied offenses of similar import with a single animus and that the judgment of conviction for the multiple offenses should not have been entered. He would argue that he did not make a knowing, intelligent and voluntary plea because he was not advised of the allied offense statute.

On the other hand, a trial court could conduct an allied offense hearing on the record for multiple offenses of similar import. After that, the trial judge would determine whether sentence could be imposed for only one offense, or if the of-

fenses were allied offenses, impose separate sentences as to each one shown to have an animus separate from the others. This process would have an additional advantage: it would provide the record necessary for an appellate court to review the determination below.

We believe the better practice would be for the court to conduct the allied offense hearing when a defendant has pled guilty to multiple offenses of similar import. In this way, the defendant's rights are protected and the defendant is then precluded from successfully raising the allied offense issue on appeal. Thus, in the interests of judicial economy and protection of the rights of the defendant, it is the better practice to have the trial court conduct the allied offense hearing after accepting a guilty plea to offenses which may be construed to be allied offenses of similar import.

Further, in the event that the trial court erred in its determination of allied offenses, the entire guilty plea is not vacated. It is only the judgment of conviction relating to the allied offenses.

In other words, the above procedure precludes the vacation of guilty pleas by reason of the allied offense issue. By proceeding in this manner the guilty plea will not be vacated—only the judgment of conviction as it relates to allied offenses would either be affirmed or modified. If the appropriate hearing was not conducted, the judgment of conviction would be reversed and the matter remanded, but only for the purpose of conducting the allied offense hearing to determine whether the defendant is sentenced for one or all of the offenses to which he pled guilty.

Therefore, the question in a case such as the one before us is whether the defendant received proper treatment in entering his guilty plea.

In the record before us, neither the appellant's counsel nor the prosecutor raised the question of allied offenses before the guilty plea was entered. Also, the trial court did not raise the issue after the guilty plea was accepted, nor did it hold a *voir dire* hearing as to whether, under the facts in the case, there were allied offenses.

In the instant case, appellant was indicted and pled guilty to the offenses of rape and kidnapping. Kidnapping, as defined by R. C. 2905.01(A)(4), is an offense of similar import to rape.

*State* v. *Donald* (1979), 57 Ohio St. 2d 73. Under the circumstances, facts were necessary to determine whether the offenses were "committed separately or with a separate animus as to each," R. C. 2941.25(B), to justify conviction for both offenses. Given that these multiple offenses of similar import could have been allied offenses, the trial court should have conducted a *voir dire* hearing on this issue after accepting the guilty plea and before entering the judgment of conviction. Under these circumstances, prejudicial error was committed and the cause must be remanded to the trial court to enable the trial court to conduct a *voir dire* hearing only on the issue of allied offenses.

We wish to emphasize that the guilty plea is valid as to all of the offenses because the appellant did in fact admit that he was guilty of each and every offense. As noted above, the allied offense statute is, in effect, a sentencing vehicle. It is thus not necessary to vacate the entire guilty plea and start all over. The plea is good because all of the procedures were followed. The only defect in the process was that after the guilty plea was accepted and there was a possibility of allied offenses, the trial court did not conduct a necessary *voir dire* hearing to make such a determination.

Thus, the first assignment of error asserting that the trial court erred when it denied appellant's motion to withdraw his guilty plea is not well taken. The guilty plea was a valid one and the trial court did not abuse its discretion in refusing to permit appellant to withdraw it. *State* v. *Smith* (1977), 49 Ohio St. 2d 261. The third assignment of error asserting that the trial court erred in entering a judgment and conviction for both rape and kidnapping is well taken. The court should have conducted the appropriate *voir dire* hearing prior to entering a judgment of conviction on these two offenses of similar import.

The final issue for our consideration is appellant's second assignment of error. Appellant asserts that his plea was not knowingly and intelligently made by virtue of his having had ineffective assistance of counsel. In *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, vacated on other grounds (1978), 438 U. S. 910, the Ohio Supreme Court held as follows at paragraph one of the syllabus:

"When presenting an allegation of ineffective assistance

of trial counsel to a reviewing court, an appellant must initially show a substantial violation of an essential duty by that counsel."

A review of the record indicates that there was no such violation in the instant case by appellant's counsel. This assignment of error is not well taken.

For the above reasons, the judgment of conviction is reversed and the cause is remanded to the trial court to conduct the necessary *voir dire* hearing and to make a determination of the allied offense issue.[2] After conducting the hearing, the court will then enter the appropriate judgment of conviction.

*Judgment reversed and*
*cause remanded.*

PARRINO, C. J., and DAY, J., concur.

---

[2] The requirement that the trial court conduct an allied offense hearing upon accepting a guilty plea is to be applied *prospectively,* and not retrospectively, from the date of this opinion.