995 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terrence W. HATTIE, Petitioner-Appellant,
v.
Phillip PARKER, Warden, Respondent-Appellee.
 No. 91-4079.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1993.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 In this petition for a writ of habeas corpus brought under 28 U.S.C. § 2254, petitioner Terrence W. Hattie challenges his Ohio convictions for felonious assault and aggravated robbery, and the merger of two unpled counts of attempted rape and abduction into the felonious assault conviction. For the following reasons, we REVERSE in part, and AFFIRM in part.
 
 I.
 
 2
 In April 1983, petitioner was arrested for the aggravated robbery of James Rose, the aggravated robbery of an unnamed victim, the aggravated burglary of James Rose's residence, and the abduction of an unnamed victim. In June 1983, an Ohio grand jury indicted petitioner on only two of the arrest charges: the aggravated robbery of James Rose and the abduction of an unnamed victim, named in the indictment as Florence Rose. The indictment also added two new counts, felonious assault and attempted rape, both of Florence Rose.
 
 
 3
 At his arraignment in June 1983, petitioner's attorney of record was not present. Petitioner waived reading of the indictment, even though the attorney appointed to represent him at his arraignment had not been previously involved with the case. Two months later, in September 1983, petitioner pled guilty to the aggravated robbery and the felonious assault. The record on appeal does not reveal a disposition or agreement made at that time regarding the remaining two counts. Two days after the plea hearing, without notice to petitioner, the trial court merged the remaining unpled counts with the felonious assault count under Ohio Revised Code § 2941.25.[1]
 
 
 4
 Petitioner was sentenced to 4 to 25 years imprisonment for aggravated robbery and felonious assault, but did not begin his sentence until revocation of probation in June 1988. Petitioner first learned of the merger in January 1989 during a parole hearing. He has been denied parole.
 
 
 5
 After pursuing state post-conviction remedies, petitioner filed this petition for writ of habeas corpus. The magistrate recommended that the petition be denied. The district court agreed, and denied the petition.
 
 II.
 A.
 
 6
 Petitioner contends that the refusal of respondent to provide a transcript of the state court proceedings denied petitioner his rights to due process and of access to the courts. The stenographic notes of petitioner's state proceedings were never transcribed. In the Stark County Court of Common Pleas, untranscribed stenographic notes are destroyed after seven years of storage and the notes of petitioner's case were destroyed in 1990, in accordance with this policy.
 
 
 7
 Where, as here, production of a transcript is simply not possible, we have stated that "in order to demonstrate denial of a fair appeal, petitioner must show prejudice resulting from the missing transcript[ ]...." Bransford v. Brown, 806 F.2d 83, 86 (6th Cir.1986), cert. denied, 481 U.S. 1056 (1987). Further, the allegations of prejudice must "present something more than gross speculation that the transcripts were requisites to a fair appeal." Id. Petitioner contends that transcripts have been withheld from him solely to prejudice his ability to challenge his convictions; however, this allegation is unsupported and without merit. Petitioner more generally alleges that the lack of a transcript has unconstitutionally curtailed his ability to effectively present his claims, but does not explain what facts a transcript would reveal. Because petitioner has not alleged prejudice with particularity, we find no denial of petitioner's rights from the unavailability of a transcript.
 
 B.
 
 8
 Petitioner also contends that his guilty plea was made unintelligently and unknowingly, arguing that he did not know that the counts in the indictment differed from the charges for which he was arrested. Respondent counters that the state plea form and judgment entry show that petitioner made a knowing and intelligent guilty plea. We find that petitioner's guilty plea was knowingly and intelligently made.
 
 
 9
 A guilty plea is valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970) (citing Boykin v. Alabama, 395 U.S. 238, 242 (1969)). We assess the propriety of a guilty plea by reviewing the totality of the circumstances surrounding the plea. Riggins v. McMackin, 935 F.2d 790, 795 (6th Cir.1991); Sparks v. Sowders, 852 F.2d 882, 885 (6th Cir.1988).
 
 
 10
 Normally, a state will attempt to show a plea was made intelligently and knowingly by introducing the "transcript of the proceedings surrounding the trial court's acceptance of the guilty plea, and other trial court records." Dunn v. Simmons, 877 F.2d 1275, 1277 (6th Cir.1989), cert. denied, 494 U.S. 1061 (1990). In judging these documents, we presume the regularity of the state proceedings, and judge a state's evidence by the preponderance of the evidence standard. Parke v. Raley, 113 S.Ct. 517, 523-24, 526 (1992).
 
 
 11
 Respondent offers two state court records to show that petitioner made a knowing and intelligent plea: the plea form and the judgment entry of petitioner's guilty plea. The plea form states, in pertinent part:
 
 
 12
 I, Terrence William Hattie, having been fully informed by my counsel, Brad Iams (Public Defender) and by the Court of the charges against me, the penalties provided by law as set forth below, the effect of my Plea of Guilty and that the Court upon acceptance of my plea may proceed with sentence ... enter a Plea of Guilty to the charge/charges of agg. robbery 1 ct. Ct. 1 F1 Felonious Assault 1 ct III F2 in violation of Ohio Revised Code Section(s) 2911.01; 2903.11.
 
 
 13
 It also lists the penalties for his crimes, and the constitutional rights waived by entering a guilty plea. The plea form is signed by petitioner, indicating his agreement and consent to the statements made therein. Additionally, the judgment entry provides, in pertinent part:
 
 
 14
 This day, September 23, 1983, the defendant TERRENCE WILLIAM HATTIE, came into Open Court, and accompanied by his counsel ... informed the Court that he had consulted with his attorney and that his attorney had fully informed him as to the nature of the charges and the elements constituting the crimes under the statutes pertaining to them including the penalties.... [T]he defendant withdrew his plea of not guilty and ... [stated] that he is guilty of the crimes of Aggravated Robbery, 1 Ct. (R.C. 2911.01) and Felonious Assault, 1 Ct. (R.C. 2903.11) as charged in Counts One and Three of the Indictment....
 
 
 15
 The entry states that petitioner knew what the charges against him were after consulting with his attorney of record. Taken together, these documents show that, despite the earlier waiver of the reading of the indictment at his arraignment, petitioner understood the charges against him when he pled guilty.
 
 
 16
 We also note that petitioner was represented by counsel at his arraignment, albeit not his attorney of record, and presumably consented to the waiver upon advice of that counsel. Moreover, two months elapsed between the arraignment and the plea hearing; thus, petitioner had ample opportunity to consult with his attorney of record about the charges in the indictment. Thus, it may be presumed that defendant did consult with his attorney of record regarding the indictment. See Henderson v. Morgan, 426 U.S. 637, 647 (1976) ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain[s] the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."). Even absent this presumption, the facts of this case, especially as revealed in the plea form and the judgment entry, bear out by a preponderance of the evidence that petitioner's plea was valid.
 
 C.
 
 17
 Petitioner also contends that he was improperly convicted of the charges of kidnapping and attempted rape, to which petitioner did not plead guilty, because the trial court merged these counts into the count of felonious assault, to which petitioner did plead guilty. Petitioner further alleges that the Ohio Adult Parole Authority (OAPA) has relied on these counts in calculating his eligibility for parole. Respondent counters that counts which are merged are simply treated as having been dismissed.
 
 
 18
 Ohio Rev.Code § 2941.25(A) provides that "allied offenses of similar import" may be named as separate counts in an indictment, but can result in only one conviction. The Supreme Court of Ohio has explained that merger occurs after a court reaches a verdict of guilty or accepts a guilty plea as to multiple, allied offenses. See State v. Osborne, 49 Ohio St.2d 135, 144, 359 N.E.2d 78, 85 (Ohio 1976), vacated in part, 438 U.S. 911 (1978). As more recently stated in State v. Kent, 68 Ohio App.2d 151, 428 N.E.2d 453 (Ohio Ct.App.1980):
 
 
 19
 After the court accepts the plea of guilty to all of the offenses, a determination will then be made as to whether they were allied offenses of a similar import with a single animus.
 
 
 20
 Id. at 154, 428 N.E.2d at 456 (emphasis added). Here, petitioner did not plead guilty to the merged counts, yet they were merged into the felonious assault conviction. In effect, Ohio has convicted petitioner of two crimes with neither plea nor verdict, a basic violation of due process. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); Cole v. Arkansas, 333 U.S. 196, 201 (1948); In re Oliver, 333 U.S. 257, 273 (1948).
 
 
 21
 Respondent maintains that merger is tantamount to dismissal, and that the practical result of merging the counts resulted in no prejudice to petitioner. However, if, as petitioner contends, the OAPA has relied on the merged charges in its parole calculations, petitioner has been prejudiced. Although neither petitioner nor respondent has fully documented the OAPA's parole calculations, in light of respondent's concession at oral argument that the counts should be viewed as having been dismissed, we will grant petitioner a writ of habeas corpus unless Ohio, within 90 days, sets aside the order of merger, dismisses the attempted rape and abduction counts, and directs the OAPA not to rely on these counts in any way when calculating petitioner's eligibility for parole.
 
 D.
 
 22
 Finally, petitioner alleges that he has been denied effective assistance of counsel because his counsel of record was hostile towards him. This argument is meritless.
 
 
 23
 A claim of ineffective assistance of counsel must show first, that counsel performed deficiently and second, that the deficiency prejudiced the defense by "depriv[ing] the defendant of a fair trial...." Strickland v. Washington, 466 U.S. 668, 687 (1984). Here, petitioner bases his claim on a hostile letter written to petitioner by his former counsel, apparently in response to harassment by petitioner. The letter was written five years after petitioner's conviction, and nothing shows that any hostility existed at the time of defendant's conviction. Moreover, petitioner has failed to point to any errors of counsel which made the state proceedings unfair or unreliable. Thus, we reject petitioner's claim.
 
 III.
 
 24
 For the foregoing reasons, we REVERSE and conditionally GRANT the petition for writ of habeas corpus. Within ninety days of this decision the respondent is to set aside the merger, dismiss the previously-merged counts, and instruct the OAPA not to rely on those counts in its calculations or release petitioner.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Section 2941.25 which provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.