OPINION
These two appeals arise from a denial of Appellant's Motion to Withdraw Guilty Plea in Jefferson County Court of Common Pleas and from determination that Appellant is a sexual predator under R.C. §2950.01(E). Both stem from Appellant's conviction for rape, kidnaping, aggravated burglary and theft in 1987. Appellant argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea. Appellant also argues that Ohio's Sexual Predator law is an invalid use of the state's police power in violation of his fundamental right to privacy. Based on the record before us, we must affirm the trial court decision in both appeals.
On October 11, 1986, Michael Sims ("Appellant") went to the residence of the victim, Judith Price. Appellant had been observing the residence from a distance for a week. When the victim's husband and children had left the residence, Appellant jumped through a patio window and abducted Mrs. Price at gunpoint. Appellant ordered his victim to get into a stolen car and they drove to an abandoned house on Franklin Avenue in downtown Steubenville, Ohio. Appellant repeatedly raped the victim, forced her to engage in oral sex and told her that he was going to kill her. Mrs. Price escaped from the house on the morning of October 12, 1986.
Appellant was indicted on eight counts of rape, one count of kidnaping, one count of aggravated burglary and one count of auto theft, all with gun specifications.
Appellant entered into a plea agreement on February 23, 1987. Seven of the eight rape counts were dropped and Appellant pleaded guilty to the remaining four counts in the indictment. Appellant was sentenced to a minimum of 15 years and a maximum of 76 years on the four counts, and to 12 years actual incarceration on the gun specifications. Appellant did not directly appeal his conviction and sentence.
On January 21, 1999, the trial court initiated procedures to determine if Appellant was a sexual predator under R.C. Chapter 2950. On February 22, 1999, Appellant filed a Motion to Dismiss the sexual predator proceedings on the theory that applying R.C. Chapter 2950 violated his right to privacy. The motion was denied on March 8, 1999.
On August 9, 1999, Appellant filed a Motion to Withdraw Guilty Plea pursuant to Crim.R. 32.1. The motion was overruled on August 13, 1999, based on this Court's ruling in State v. Sims (Sept. 22, 1998), Jefferson App. No. 96-JE-38, unreported, motion for reconsideration denied (Mar. 25, 1999). On September 13, 1999, Appellant filed a Notice of Appeal of the August 13, 1999, order. This was given Appeal Case No. 99-JE-43.
A sexual predator determination hearing was held on October 20, 1999. In an October 22, 1999, order the trial court found that Appellant was a sexual predator as defined by R.C. § 2950.01(E). Appellant filed an appeal of this determination on November 8, 1999, which was given Appeal Case No. 99-JE-57. The underlying facts in the two appeals are the same, thus, for purposes of judicial economy both appeals will be reviewed under this single opinion.
Appellant asserts a sole pro se assignment of error in Appeal No. 98-JE 43 which states:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN ITS FAILURE TO CONDUCT AN EVIDENTIARY HEARING IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTION."
Pursuant to Crim.R. 32.1, a trial court may vacate a sentence and allow a defendant to withdraw a guilty plea to correct a manifest injustice. It is the defendant who has the burden to prove manifest injustice. Statev. Smith (1977), 49 Ohio St.2d 261, 264. The determination of whether the defendant carried his burden of proof is left to the sound discretion of the trial court. Id. The trial court's decision will not be disturbed absent an abuse of discretion. State v. Stumpf (1987), 32 Ohio St.3d 95,104. A court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. State v. Adams (1980),62 Ohio St.2d 151, 157.
Appellant argues that the trial court did not strictly comply with the requirements of R.C. § 2945.05, which provides that:
 "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such a waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * *"
Appellant argues that, under paragraph one of the syllabus of State v.Pless (1996), 74 Ohio St.3d 333, a trial court is without jurisdiction to try a defendant without a jury if a written waiver of jury trial does not appear in the record.
This argument is without merit based on paragraph two of the syllabus of Pless, which states: "The failure to comply with R.C. § 2945.05
may be remedied only in a direct appeal from a criminal conviction."Id. Appellant did not file a direct appeal of his 1987 conviction, nor did he attempt to file a delayed appeal pursuant to App.R. 5(A). He is, instead, attempting to appeal the denial of a motion to withdraw his plea, a motion made over 12 years after his conviction. We find no manifest injustice or abuse of discretion in the denial of a post-sentence motion to withdraw a plea where the basis of the motion could have been reviewed on direct appeal but no appeal was taken.
In addition, Appellant was convicted on the basis of a guilty plea and not through a bench trial. Crim.R. 11(C)(2) states:
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
"* * *
"(c) Informing him and determining that he understands that by hisplea he is waiving his rights to jury trial, * * *"
Ohio courts have consistently held that the entry of a guilty plea by an accused in and of itself constitutes a waiver of jury trial. Martinv. Maxwell (1963), 175 Ohio St. 147, 147; State v. West (1999),134 Ohio App.3d 45, 51; State v. McCann (1997), 120 Ohio App.3d 505,512. Appellant does not dispute that he entered a guilty plea. Therefore, there could be no error in failing to follow R.C. §2945.05 because the statute does not apply to Appellant's guilty plea.
Appellant also argues that the trial court failed to hold a hearing to determine if the offenses to which he pleaded guilty were allied offenses of similar import. R.C. § 2941.25(A) provides: "where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." Appellant cites State v. Kent (1980), 68 Ohio App.2d 151, in which the Eighth District Court of Appeals held that rape and kidnaping were allied offenses of similar import, and that a hearing was required prior to sentencing to determine if the offenses were committed with a separate animus as to each offense. Id. at 158.
Appellant's reliance on Kent is mistaken. Kent held that the withdrawal of a guilty plea was not an appropriate remedy for failure of the trial court to hold a hearing on the possibility of allied offenses:
 "* * * We wish to emphasize that the guilty plea is valid as to all of the offenses because the appellant did in fact admit that he was guilty of each and every offense. As noted above, the allied offense statute is, in effect, a sentencing vehicle. It is thus not necessary to vacate the entire guilty plea and start all over. The plea is good because all of the procedures were followed. The only defect in the process was that after the guilty plea was accepted and there was a possibility of allied offenses, the trial court did not conduct a necessary voir dire hearing to make such a determination.
"Thus, the first assignment of error asserting that the trial court erred when it denied appellant's motion to withdraw his guilty plea is not well taken. The guilty plea was a valid one and the trial court did not abuse its discretion in refusing to permit appellant to withdraw it."
Id. at 158-159.
Appellant further argues that he was denied effective assistance of counsel when he was advised to accept the plea. Appellant argues that he was entitled to a hearing on his post-sentencing motion to withdraw his plea based on his allegation of ineffective assistance of counsel, citingState v. Hamed (1989), 63 Ohio App.3d 5.
Hamed held that a hearing on a post-sentencing motion to withdraw a plea is only required if the facts alleged in the motion, if true, would require the plea be withdrawn. Id. at 7. Appellant's reason for withdrawing his plea is that he received ineffective assistance of counsel. This is precisely the argument made by Appellant in an August 14, 1987 Motion to Correct and Modify Sentence and an August 1996 Petition for Post-Conviction Relief. This Court has previously rejected Appellant's argument and upheld Appellant's conviction and sentence inState v. Sims (Sept. 22, 1998), Jefferson App. No. 96-JE-38, unreported. We determined that the issue as to whether Appellant received ineffective assistance of counsel was res judicata. We held that the trial court did not err in denying the Petition for Post-Conviction Relief without first conducting an evidentiary hearing. Id. Appellant is now making the identical argument, albeit using a different procedural tool. The issue remains res judicata and no hearing was needed for the trial court to make this determination. Appellant's assignment of error is therefore without merit and the August 13, 1999, order overruling Appellant's motion to withdraw his guilty plea is affirmed.
Appellant's first assignment of error in Appeal No. 98-JE- 57 states:
 "OHIO'S SEXUAL PREDATOR LAW IS UNCONSTITUTIONAL IN THAT IT VIOLATES SECTION 1, ARTICLE 1 OF THE OHIO CONSTITUTION, SPECIFICALLY APPELLANTS [SIC] FUNDAMENTAL RIGHT TO PRIVACY."
Appellant argues that Ohio's Sexual Predator Law, R.C. Chapter 2950, constitutes an abuse of the police powers of the State in violation of the fundamental right to privacy. Appellant argues that police power legislation is only valid if it meets the two-part test established inBenjamin v. Columbus (1957), 167 Ohio St. 103. Benjamin states that an exercise of the police power is valid if, (1) it bears a real and substantial relation to the public health, safety, morals or general welfare of the public; and (2) it is not unreasonable or arbitrary. Id. at 110.
Appellant relies on State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, in support of his contention that R.C. Chapter 2950 violates the second prong of the Benjamin test in that it is unduly oppressive and interferes with the privacy rights of criminal defendants beyond that necessary for the situation.
Williams was reversed by the Ohio Supreme Court on April 28, 2000, after Appellant's brief on appeal had been filed. In State v. Williams
(2000), 88 Ohio St.3d 513, the Supreme Court determined that the rights described in Section 1, Article 1, of the Ohio Constitution, namely, life, liberty, property and happiness, are not self-executing rights and require other provisions of the Ohio Constitution or other legislation to give practical effect to those rights. Id. at 523. The Supreme Court also held that, even if such provisions were self-executing, R.C. Chapter 2950 would not violate those provisions. Id.
The right to privacy is the, "right to be let alone; to live one's life as one chooses, free from assault, intrusion or invasion except as they can be justified by the clear needs of the community * * *." Time, Inc.v. Hill (1967), 385 U.S. 374, 413. This right encompasses only personal information and not information readily available to the public. Whalenv. Roe (1977), 429 U.S. 589, 599; Williams, supra, 80 Ohio St.3d at 526. The information disclosed by R.C. § 2950.11(B) is information required by law to be kept by a government agency. Williams, supra, at 526. The fact that the government actively disseminates the information due to Ohio's Sexual Predator Law does not change the public nature of the information and is a, "distinction without significant meaning."Id.
The Williams Court specifically held that, "R.C. 2950 does not infringe upon a convicted sex offender's right to privacy." Id. Therefore, Appellant's first assignment of error in Appeal No. 98-JE-57 is without merit.
Appellant's second assignment of error in Appeal No. 98-JE-57 states:
 "THE FINDINGS OF THE TRIAL COURT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant argues that there was no clear and convincing evidence on the factors listed in R.C. § 2950.09(B)(2) for determining whether a defendant is a sexual predator, as required by R.C. § 2950.09(B)(3). Appellant argues that only two of the factors in R.C. § 2950.09(B)(2) are in evidence: that he was previously convicted of a criminal offense; and that he held a gun to the victim's head. Appellant argues that his previous convictions were for robbery and felonious assault, which are not sexually oriented crimes. Appellant denied that he held a gun to the victim's head while he was engaged in sexual contact with her. Appellant also argues that the victim consented to have sex with him. Appellant contends that expert testimony should have been required to show that he was likely to engage in sexually oriented offenses in the future. Appellant concludes that the paucity of evidence does not rise to the level required.
Appellee argues that there was substantial evidence presented that established, clearly and convincingly, that Appellant was a sexual predator, using the factors listed in R.C. § 2950.09(B)(2).
Appellee points out that Appellant himself testified at the sexual predator hearing that: (1) he was hired to kill a member of the Price family (Tr. p. 31); (2) that he brought a gun along when he abducted Mrs. Price because he was going to kill her (Tr. p. 37); (3) that he had intercourse with the victim and forced her to perform oral sex (Tr. p. 42); and (4) that he engaged in freaky sex with the victim and, "did things through part of the anatomy of each other's body that you would only see like in porn movies." (Tr. p. 30). Appellee also refers to Mrs. Price's testimony that Appellant forced his way into her home, held a gun to her head, forced her into a vehicle, took her to the Franklin Avenue residence and repeatedly raped her. (Tr. p. 13). Appellee notes that Appellant was over 30 years old at the time, which is a factor under R.C. § 2950.09(B)(2)(a). Appellee concludes that there was enough evidence presented for the trial court to find that Appellant was a sexual predator.
In reviewing a decision as being against the manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. State v.Jordan (1992), 73 Ohio App.3d 524, 534. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967),10 Ohio St.2d 230.
R.C. § 2950.09(B)(3) states, in pertinent part: "[a]fter reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator."
R.C. § 2950.09(B)(2) enumerates the factors which the trial court must consider in making its determination:
 "(2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offender's age;
"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
"(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender;
"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's conduct."
R.C. § 2950.09(B)(2) does not require a court to find each factor was satisfied in order to make a determination that a defendant is a sexual predator. State v. Knox (Aug. 1, 2000), Vinton App. No. 00CA538, unreported.
The trial court found: that Appellant was 34 years old and the victim was 47 years old at the time of the offense; that actual force and the threat of force were used in the commission of the offense; that the kidnaping and burglary offenses were committed with a sexual purpose; that a firearm was used in the commission of all the offenses; and that Appellant had staked out the home for one week prior to committing the offenses. The trial court noted that Appellant had a prior record for robbery and felonious assault and that Appellant displayed cruelty to the victim. The trial court also stated that Appellant concocted a bizarre and delusional story to explain his actions, in which the victim supposedly picked him up at a gay bar and carried on a relationship with him prior to the crime, he was in love with the victim and that he was supposedly paid over $12,000.00 to collect a $10,000.00 debt from the victim's family. (Oct. 22, 1999 Order). The court also noted that no drugs or alcohol were used to facilitate the offense, that Appellant committed the offense for hire and that Appellant repeatedly raped the victim during the kidnaping.
A sexual predator determination can be made on the basis of one underlying conviction for a sexually oriented crime as long as the trial court considers the factors listed in R.C. § 2950.09(B)(2) and there is clear and convincing evidence supporting the existence of those factors. State v. Quick (Aug. 22, 2000), Franklin App. No. 00AP-57, unreported at *3; State v. Nelson (Dec. 23, 1999), Cuyahoga App. No. 73031, unreported, at *2. The trial court explicitly considered most of the factors set out in R.C. § 2950.09(B)(2). There is considerable evidence to support the findings that Appellant had been previously convicted of crimes, that he engaged in a pattern of abuse in repeatedly raping the victim and that he displayed cruelty and made threats of cruelty to the victim. We find that the trial court did not lose its way or create a manifest miscarriage of justice in determining Appellant to be a sexual predator. Appellant's second assignment of error is without merit.
Based on the foregoing analysis, we hold that the trial court did not abuse its discretion in denying Appellant's Crim.R. 32.1 Motion to Withdraw Plea and we affirm the August 13, 1999, order in Appeal No. 99-JE-43. We also hold that Ohio's Sexual Predator Law does not constitute an un-constitutional violation of the right to privacy, based on the recent holding in State v. Williams (2000), 88 Ohio St.3d 513. There was substantial evidence presented at Appellant's sexual predator hearing establishing by clear and convincing evidence that Appellant should be classified as a sexual predator according to the factors set forth in R.C. § 2950.09(B)(2). Appellant's two assignments of error in Appeal No. 99-JE-57 are therefore without merit and the October 22, 1999, order is also affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs.