OPINION AND JOURNAL ENTRY
{¶ 1} On June 29, 2004, we released our Opinion in State v.Yeager, 7th Dist. No. 03 CA 786, 2004-Ohio-3640. The Opinion was file-stamped in Carroll County on July 7, 2004. On July 26, 2004, Appellant Dale B. Yeager filed a motion to certify a conflict to the Ohio Supreme Court, pursuant to App.R. 25. We first note that Appellant failed to file his motion within the 10-day time limit set forth in App.R. 25(A). Furthermore, we do not find a conflict between our Opinion and the cases cited by Appellant in his motion. For these reasons, the motion is denied.
 {¶ 2} Appellant alleges that our Opinion conflicts with the Ohio Supreme Court in State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. Appellant alleges that Comer requires a trial court to state its reasons for imposing consecutive sentences, and to state them on the record at the sentencing hearing. As our Opinion made clear, Appellant's assignment of error was not subject to review, pursuant to R.C. § 2953.08(D), because the record affirmatively reflects that Appellant and the prosecutor agreed to the sentence that was imposed by the trial court. We also note that App.R. 25 only authorizes the certification of a conflict between the opinions of two or more courts of appeals, and not between a court of appeals and the Ohio Supreme Court.
 {¶ 3} Appellant also contends that our Opinion conflicts with the holdings of the Eighth District Court of Appeals in State v.Kent (1980), 68 Ohio App.2d 151, 428 N.E.2d 453, and State v.Stephens (June 10, 1993), 8th Dist. Nos. 62554, 62555, 62556. Appellant argues that, under Kent, the trial court was required to hold, sua sponte, a special hearing to determine if any of the counts in the plea agreement were allied offenses of similar import. The Eighth District Court of Appeals has recognized that its holding in Kent is no longer good law based on the Ohio Supreme Court case of State v. Comen (1990), 50 Ohio St.3d 206,211, 533 N.E.2d 640. See State v. Stansell (Apr. 20, 2000), 8th Dist. No. 75889. The Eighth District Court of Appeals now holds that the issue of allied offenses of similar import is waived if not timely raised by a defendant at the trial court level: "if a defendant does not raise the issue of allied offenses at trial, the issue is waived for purposes of appeal unless plain error is shown." Stansell at *3. Our Opinion in the instant case is consistent with the holdings in Comen and Stansell.
Furthermore, in our Opinion we also stated that the two charges that Appellant believes are allied offenses of similar import are, in fact, not allied offenses of similar import.
 {¶ 4} For all of the above reasons, we do not find any conflict in our June 29, 2004, Opinion that may be certified to the Ohio Supreme Court under App.R. 25. Appellant's motion to certify a conflict is hereby overruled.
Waite, P.J., concurs.
Donofrio, J., concurs.
Vukovich, J., concurs.