JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In these consolidated appeals, defendant Terran Jackson appeals from her convictions for gross sexual imposition and abduction. For the reasons set forth below, we affirm.
 {¶ 2} On November 28, 2006, defendant was indicted in case no. 488074 for gross sexual imposition and kidnapping in connection with an incident alleged to have occurred on September 23, 2006. On February 21, 2007, defendant was indicted in case no. 490916 for felonious assault, assault on a corrections officer, gross sexual imposition and kidnapping, in connection with an offense which was alleged to have occurred on December 14, 2006. Defendant was determined to be incompetent to stand trial and the matters were subsequently transferred to the mental health docket.
 {¶ 3} The trial court subsequently received an expert report indicating that defendant could understand the nature and objectives of the proceedings and could assist in her defense. The trial court determined that defendant was competent to stand trial. The record of this proceeding provides, in relevant part, as follows:
 {¶ 4} "The defendant apparently closed the cell door before she inappropriately touched the corrections officer."
 {¶ 5} Thereafter, on May 30, 2007, defendant entered into plea agreements in both matters. In case no. 488074, she pled guilty to gross sexual imposition and the kidnapping charge was dismissed. In case no. 490916, the kidnapping charged was *Page 4 
reduced to abduction and defendant pled guilty to this offense as well as the charges of assault on a corrections officer and gross sexual imposition, and the felonious assault charge was dismissed. That is, defendant specifically entered guilty pleas to both abduction of the corrections officer and gross sexual imposition upon her.
 {¶ 6} Defendant was determined to be a sexual predator. The trial court subsequently sentenced defendant to sixteen months of imprisonment for gross sexual imposition in case no. 488074. The court imposed a consecutive term of forty months of imprisonment in case no. 490916. The trial court ordered the defendant to serve consecutive terms of sixteen months for gross sexual imposition and two years for the abduction charges of this indictment. In rejecting defendant's trial counsel's claim that these two offenses were allied offenses of similar import, the trial court stated:
 {¶ 7} "Cell was open and Ms. Jackson must have been in the pod or the ward * * *. The guard was therefore in the cell and basically said what are you doing here. And the guard said I'm doing a check. You have to step out.
 {¶ 8} "She stepped out, but then within about 15 seconds she stepped right back in, slammed the door and then the incident happened."
 {¶ 9} Defendant now appeals and assigns one error for our review.
 {¶ 10} Defendant's assignment of error states:
 {¶ 11} "The imposition of consecutive sentences violates the double jeopardy clauses of the United States and the State of Ohio because the acts are crimes of *Page 5 
similar import arising out of the same animus."
 {¶ 12} R.C. 2941.25 provides:
 {¶ 13} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 14} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 15} Recently, the Supreme Court of Ohio in State v. Cabrales, 118 Ohio St.3d 54, 57, 2008-Ohio-1625, 884 N.E.2d 181, instructed as follows:
 {¶ 16} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses in the abstract without considering the evidence in the case, but are not required to find an exact alignment of the elements. Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in the commission of the other, then the offenses are allied offenses of similar import."
 {¶ 17} Nonetheless, even though the offenses are of similar import under *Page 6 
R.C. 2941.25(A), Subsection (B) permits convictions for two or more similar offenses if the offenses were either (1) committed separately, or (2) committed with a separate animus as to each. See State v. Price (1979),60 Ohio St.2d 136, 398 N.E.2d 772, paragraph five of the syllabus.
 {¶ 18} For purposes of this assignment of error, we assume, without deciding that abduction and gross sexual imposition are allied offenses. The record indicates that the offenses were committed separately and with a separate animus as to each. The record indicates that defendant pled guilty to restraining the guard of her liberty, upon allegations that she caused the guard to be locked in the cell. Defendant also pled guilty to gross sexual imposition upon allegations that, after the guard was locked in the cell, defendant committed the act of gross sexual imposition after the guard was not free to leave the cell. The restraint of the guard was separate and complete prior to the gross sexual imposition and was not merely incidental, but with a substantial independent risk of harm. The offenses were not simply coterminous but were separate and distinct. The trial court did not err in determining, following the guilty pleas, that the offenses were separate and committed with a separate animus as to each offense. State v. Kent
(1980), 68 Ohio App.2d 151, 428 N.E.2d 453.
 {¶ 19} We therefore reject this assignment of error.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 7 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and MARY J. BOYLE, J., CONCUR *Page 1