OPINION *Page 2 
{¶ 1} Defendant-appellant Michael J. Hairston appeals from his convictions and sentences in the Delaware County Court of Common Pleas on one count of aggravated robbery with a gun specification and one count of kidnapping. Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE[1] {¶ 2} On July 27, 2007 the Delaware County, Ohio Grand Jury indicted the appellant on one count of theft in violation of Ohio Revised Code 2913.02(A)(1), three counts of kidnapping in violation of Ohio Revised Code 2905.01(A)(2), and one count of aggravated robbery in violation of Ohio Revised Code 2911.01(A)(1). All five counts contained a firearm specification pursuant to Ohio Revised Code 2941.145.
 {¶ 3} On August 22, 2007, pursuant to plea negotiations, appellant entered a plea of guilty to kidnapping, as a lesser included offense of Count 2 of the Indictment, i.e., a felony of the second degree without the Firearm Specification and to the offense of aggravated robbery as charged in Count 5 of the Indictment, a first degree felony, with a firearm specification. In exchange, the State agreed to dismiss Counts 1, 3 and 4 of the Indictment as well as the firearm specifications pertaining to those counts. The State further agreed to dismiss the firearm specification accompanying Court 2, i.e., the charge of kidnapping to which the appellant had agreed to plead guilty. (T., Aug. 22, 2007 at 6).
 {¶ 4} During the plea hearing the appellant admitted the following facts. On July 22, 2007, the appellant was involved with three other individuals who entered a *Page 3 
residence located in Delaware County Ohio. The appellant and his three accomplices were armed with firearms. They directed the two male occupants of the residence to go to the basement. Members of the trio proceeded to the upstairs bedroom of the sister of the two males, kicked in the door and removed her to the basement. The family members were then tied with electrical cords while the appellant and his accomplices ransacked the home and then left with cash and other miscellaneous property.
 {¶ 5} The appellant and the State agreed to submit briefs concerning whether the charge of aggravated robbery as set forth in Count 5 of the indictment and the crime of kidnapping as set forth in Count 2 of the indictment should be merged for sentencing purposes. (T., August 22, 2007 at 17-18). The trial court specifically informed appellant prior to accepting his plea of guilty that the sentences for the two crimes could be run consecutive to each other. (Id. at 18). Appellant indicated to the trial judge that he understood. (Id.).
 {¶ 6} Following the acceptance of appellant's guilty plea, the Court referred appellant to the Adult Parole Authority for purposes of a presentence investigation report.
 {¶ 7} At the sentencing hearing held October 23, 2007 the trial court sentenced appellant to a term of six (6) years on the kidnapping charge contained in Count 2 of the Indictment and to a term of eight (8) years on the aggravated robbery charge as set forth in Count 5 of the Indictment. The trial court further ordered that the sentences be served consecutive to each other as well as consecutive to the mandatory three (3) year prison term imposed upon the firearm specification to the aggravated robbery charge. *Page 4 
 {¶ 8} Appellant timely appealed and submits the following assignment of error for our consideration:
 {¶ 9} "I. THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO CONSECUTIVE PRISON TERMS."
 I. {¶ 10} In his sole assignment of error, appellant argues that the trial court erred in imposing consecutive sentences. Appellant further argues that imposition of consecutive sentences was error because there was no separate animus. We disagree.
 {¶ 11} After the decision of the Ohio Supreme Court in State v.Foster, 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E. 2d 470, an appellate court's review of an appeal from a felony sentence was modified.Pre-Foster, an appellate court could increase, reduce, modify or vacate and remand a sentence if it found, by clear and convincing evidence, that the record did not support the trial court's findings of fact or that the sentence was otherwise contrary to law. R.C. 2953.08(G) (2). However, in Foster, the Ohio Supreme Court held,
 {¶ 12} "The following sections, because they either create presumptive minimum or concurrent terms or require judicial fact-finding to overcome the presumption, have no meaning now that judicial findings are unconstitutional: R.C. 2929.14(B), 2929.19(B)(2), and 2929.41. These sections are severed and excised in their entirety, as is R.C. 2929.14(C), which requires judicial fact-finding for maximum prison terms, and 2929.14(E)(4), which requires judicial findings forconsecutive terms. R.C. 2953.08(G), which refers to review of statutoryfindings for consecutive sentences in the *Page 5 appellate record, no longer applies." Foster, supra109 Ohio St.3d at 29, 2006-Ohio-856 at ¶ 97, 845 N.E.2d at 497. [Emphasis added].
 {¶ 13} As this Court has noted,
 {¶ 14} "Prior to the passage of S.B. 2 it was well settled that the decision whether a criminal defendant is to serve the sentences for all his crimes consecutively or concurrently is a matter committed to the sound discretion of the trial court. State v. Johnson (1988),40 Ohio St.3d 130, 133-134, 532 N.E.2d 1295, certiorari denied (1989),489 U.S. 1098, 109 S.Ct. 1574, 103 L.Ed.2d 940; State v. White (1985),18 Ohio St.3d 340, 342, 481 N.E.2d 596; State v. Moss (1982), 69 Ohio St.2d 515,518, 433 N.E.2d 181, certiorari denied (1983), 459 U.S. 1200,103 S.Ct. 1183, 75 L.Ed.2d 430. Therefore, we conclude that post-Foster, this Court reviews the imposition of consecutive sentences under an abuse of discretion standard. Furthermore, when applying the abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621." State v. Firouzmandi, 5th Dist. No. 2006-CA-41,2006-Ohio-5823, at ¶ 40. [Emphasis added]. Accordingly, the imposition of more-than-minimum, maximum, or consecutive sentences is now only to be reviewed for abuse of discretion.
 {¶ 15} R.C. 2941.25 provides:
 {¶ 16} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 17} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or *Page 6 
similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 18} Recently, the Supreme Court of Ohio in State v. Cabrales,118 Ohio St.3d 54, 57, 2008-Ohio-1625, 884 N.E.2d 181, instructed as follows:
 {¶ 19} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses in the abstract without considering the evidence in the case, but are not required to find an exact alignment of the elements. Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in the commission of the other, then the offenses are allied offenses of similar import."
 {¶ 20} Nonetheless, even though the offenses are of similar import under R.C. 2941.25(A), Subsection (B) permits convictions for two or more similar offenses if the offenses were either (1) committed separately, or (2) committed with a separate animus as to each. SeeState v. Price (1979), 60 Ohio St.2d 136, 398 N.E.2d 772, paragraph five of the syllabus.
 {¶ 21} For purposes of this assignment of error, we assume, without deciding that aggravated robbery in violation of R.C. 2911.01(A) (1) with a firearm specification and kidnapping in violation of R.C. 2905.01(A) (2) without a firearm specification are allied offenses. The record indicates that the offenses were committed separately and with a separate animus as to each. *Page 7 
 {¶ 22} The record indicates that appellant pled guilty to kidnapping with respect to the female victim. Appellant also plead guilty to aggravated robbery upon allegations involving not only the female victim but also her two brothers.
 {¶ 23} Appellant admitted that he went to the upstairs bedroom of the female victim, kicked in the bedroom door and took her down to the basement. (T., Aug. 22, 2007 at 23; 35). She was then tied up with her two brothers who had been removed from a separate location in the house. (Id.). Appellant further admitted putting the gun to the head of the female victim. (Id. at 34). The appellant and his associates then ransacked the home stealing cash and various items.
 {¶ 24} Under this analysis, where a defendant commits a single act and is charged with two offenses, each which concern a different victim, the offenses are not allied offenses of similar import but are offenses of dissimilar import. State v. Franklin, 97 Ohio St.3d 1, 12,2002-Ohio-5304 at ¶ 48, 776 N.E.2d 26, 41; State v. Smith,80 Ohio St.3d 89, 118, 97-Ohio-355, 684 N.E.2d 668, 694; State v. Madaris,156 Ohio App.3d 211, 218, 2004-Ohio-653 at ¶ 20-22; 805 N.E.2d 150, 156;State v. Collins, Richland App. No. 2003-CA-0073, 2005-Ohio-1642
at ¶ 107.
 {¶ 25} Because appellant had a deadly weapon on or about his person and either displayed it, brandished it or indicated that he possessed it while attempting to or committing a theft offense with respect to each of the three victims, the offense of robbery was separate from the offense of kidnapping only the female victim. Cf. State v. Smith, supra;State v. Madaris, supra. *Page 8 
 {¶ 26} The trial court did not err in determining, following the guilty pleas, that the offenses were separate and committed with a separate animus as to each offense. State v. Kent (1980),68 Ohio App.2d 151, 428 N.E.2d 453.
 {¶ 27} Appellant's sole assignment of error is denied.
 {¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is affirmed.
 By Gwin, J., Hoffman, P.J., and Wise, J., concur *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is affirmed. Costs to appellant.
[1] The Court will rely substantially on the pertinent procedural facts as presented by the Appellant in his brief, which the Appellee, the State of Ohio as stated in his brief, generally accepts. *Page 1