The STATE of Ohio, Appellee,

v.

DOUSE, Appellant.

[Cite as *State v. Douse* (2000), 140 Ohio App.3d 42.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76069.

Decided June 5, 2000.

---

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *David Zimmerman,* Assistant Prosecuting Attorney, for appellee.

*Synenberg & Marein, Mark B. Marein, Steven L. Bradley* and *Bruce D. Horrigan,* for appellant.

JOHN T. PATTON, Judge.

Defendant-appellant John S. Douse ("defendant") appeals the sentence imposed on him by the trial court based on (1) the erroneous imposition of consecutive sentences, (2) the failure of the trial court to make the required findings before

imposing consecutive sentences, and (3) "imposing a disproportionate, illegal and otherwise unjust sentence."

On July 9, 1998, defendant was indicted for seven counts of rape with a sexually violent predator specification; seven counts of corruption of a minor; six counts of gross sexual imposition; twenty counts of illegal use of a minor in a nudity oriented performance; and four counts of voyeurism. At the arraignment, defendant entered a plea of not guilty.

On December 2, 1998, defendant pleaded guilty to the following:

1. Four counts of corruption of a minor (Counts 2, 9, 10, 20);

2. Three counts of illegal use of a minor in a nudity–oriented performance (Counts 21, 22, 23); and

3. Two counts of voyeurism (Counts 41, 42).

Two months later, on January 28, 1999, a sentencing hearing was held. The trial court sentenced defendant to a prison term of seven years each on Counts 21, 22, and 23, to be served consecutively. On Counts 41 and 42, defendant was sentenced to thirty days to be served consecutively; however, this part of the sentence was suspended. The trial court also imposed a community control sanction of five years with the following conditions: defendant to be placed under intensive special probation supervision; to be placed on home detention for one year; and to receive sexual offender counseling as determined by probation department. Last, the trial court stated any violations of the above conditions would result in the imposition of four consecutive seventeen-month prison terms on Counts 2, 9, 10, and 20.

The following day, on January 29, 1999, defendant filed a motion to correct his sentence. He argued that Counts 21–23 were allied offenses of similar import and thus the trial court should have merged them. The trial court did not rule on this motion. Subsequently, on February 26, 1999, defendant timely filed his notice of appeal and now presents three assignments of error, the first of which states as follows:

"Consecutive sentences were erroneously imposed by the sentencing court on three identically charged offenses which were allied offenses of similar import, pursuant to R.C. 2941.25, which precludes multiple sentences where said charges were not differentiated by the indictment, bill of particulars, or other findings of record. As such, the sentences are contrary to law."

■ Defendant argues that Counts 21–23, illegal use of minor in a nudity–oriented performance, are allied offenses of similar import and should have been merged for sentencing purposes. He claims that the bill of particulars used the same statutory language and dates in describing the offenses and thus left the

trial court without sufficient grounds to justify imposition of the consecutive sentences. Moreover, defendant argues that the record is silent relative to the time, place, and manner in which the photographs were taken. Plus, there is no evidence detailing that the taking of the photographs was more than an uninterrupted sequence, constituting the commission of allied offenses of similar import committed with a single animus. As such, defendant maintains that Counts 21–23 were allied offenses of similar import, precluding the imposition of consecutive sentences.

R.C. 2941.25 is the multiple counts statute and reads as follows:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

These two paragraphs of R.C. 2941.25 express the legislative intent that (1) multiple offense violations of the same statute do not constitute allied offenses of similar import and (2) a defendant may be sentenced on multiple violations of the same statute.

However, we cannot make a determination regarding whether defendant's conduct constituted two or more separate offenses because a hearing on the matter was not held, in contravention of *State v. Kent* (1980), 68 Ohio App.2d 151, 22 O.O.3d 223, 428 N.E.2d 453; *State v. Latson* (1999), 133 Ohio App.3d 475, 728 N.E.2d 465; and *State v. Stephens* (June 10, 1993), Cuyahoga App. Nos. 62554, 62555 and 62556, unreported, 1993 WL 204614.

The state argues that the burden of establishing that a defendant is entitled to the protections of R.C. 2941.25 is the responsibility of the defendant, and, in the present case, defendant did not raise the issue of allied offenses of similar import at the sentencing hearing. Therefore, defendant is precluded from raising this argument on appeal.

The state is correct that defendant failed to raise the issue of allied offenses of similar import at the sentencing hearing. However, defendant did file a motion to correct his sentence the day following the sentencing hearing, thereby preserving this argument for appellate review.

Based on the above analysis, we find that defendant timely preserved the allied offense issue. Because there was no evidence or testimony presented on the issue of allied offenses, we are unable to independently address this issue. Therefore, this assignment of error is sustained, and we remand this case for the sole purpose of holding a hearing to address defendant's argument regarding allied offenses of similar import on Counts 21–23.

As for the second and third assignments of error, the state conceded at oral argument that these assignments of error must be remanded, as the court failed to make the required findings mandated by *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131. In light of our remand on the first assignment of error, the court should resentence accordingly after holding the hearing on allied offenses.

*Judgment reversed*
*and cause remanded.*

O'DONNELL, P.J., concurs.

MICHAEL J. CORRIGAN, J., concurs in part and dissents in part.

MICHAEL J. CORRIGAN, Judge, concurring in part and dissenting in part.

In light of *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, I agree with the majority that this matter must be remanded to the trial court for resentencing, as the trial court failed to make the required findings, pursuant to R.C. 2929.14(E)(4), to support its sentence and failed to make a proportionality review as mandated by R.C. 2929.12.

I part company with the majority as to its disposition of defendant-appellant's first assignment of error. In reversing the trial court, the majority seemingly ignores *State v. Mughni* (1987), 33 Ohio St.3d 65, 68, 514 N.E.2d 870, 872–873. In *Mughni* the Supreme Court clearly stated that the burden of establishing that the subject offenses are allied offenses of similar import falls squarely on the shoulders of the defendant-appellant. It is well established that the trial court is authorized, pursuant to R.C. 2941.25(B), to convict and sentence a defendant for two or more offenses that have as their origin the same criminal conduct if the offenses (1) were not allied and of similar import, (2) were committed separately, or (3) were committed with a separate animus as to each offense. See *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699; *Mughni, supra.*

In this instance, the defendant-appellant failed to present *any* evidence to the trial court indicating that the subject offenses to which he had entered a plea of guilty were, in fact, allied offenses of similar import. Defendant-appellant argues

that he was not given the opportunity. The record demonstrates, however, that this issue was not raised at the time of the indictment, the arraignment, during the various pretrial hearings, through motion practice, at time of the plea, at the time of completion of the presentence investigation and report, in the sentencing memorandum, at the sentencing hearing (which included the taking of testimony), or at the sentencing itself. Clearly, defendant-appellant had ample opportunity to raise the issue, he merely failed to take advantage of the opportunity in this case. More important, it must be noted that this was a negotiated plea. As such, to contest, after the fact, a resolution sought out by and agreed to by the defendant-appellant is ludicrous. In *State v. Styles* (Oct. 9, 1997), Cuyahoga App. No. 71052, unreported, 1997 WL 626058, this court, in dealing with a similar issue, determined that a plea agreement that is knowingly and voluntarily entered into by a defendant "is sufficient to withstand any later attack even when the attack involves a plea to allied offenses." This court reasoned that since defendant-appellant had received a "substantial benefit" by entering into the plea agreement, the trial court did not err by failing to inquire about possible allied offenses.

In the case herein, it was not until after the defendant-appellant was sentenced that he became dissatisfied with the crop that he had sown. In analyzing this assignment of error, one must look at the significance of a guilty plea as opposed to a conviction by trial. Pursuant to Crim.R. 11(B):

"(1) The plea of guilty is a complete admission of the defendant's guilt."

The plea itself is not at issue in this appeal. Therefore, defendant-appellant is barred from now complaining about a sentence that is clearly within our statutory framework. Under Crim.R. 12(B), *pretrial motions,* prior to trial, any party may raise by motion any defenses, any objections, any evidentiary issues, or requests that are capable of determination without the trial of the general underlying issue. The following *must* be raised before trial pursuant to Crim.R. 12(B)(2):

"Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding)."

In this matter, the issue now raised relative to allied offenses of similar import was never brought before the trial court until well after sentencing had occurred. Under Crim.R. 12(G), the defendant failed to timely raise objections and, therefore, has waived his right to complain after the fact. See *State v. Thrower* (1989), 62 Ohio App.3d 359, 575 N.E.2d 863; *State v. Comen* (1990), 50 Ohio St.3d 206, 211, 553 N.E.2d 640, 645.

To reverse for a hearing on an "allied offense issue" is to ignore the Criminal Rules and destroy the concept of finality. The defendant-appellant, in essence, is bargaining anew the plea bargain he voluntarily entered into for his own substantial benefit. The time to raise this issue has long since passed. Accordingly, I would affirm the trial court as to defendant-appellant's first assignment of error.