JOURNAL ENTRY AND OPINION
Defendant John S. Douse appeals from the sentence imposed following his guilty plea to four counts of corruption of his minor, three counts of illegal use of a minor in a nudity-oriented performance, and two counts of voyeurism. For the reasons set forth below, we affirm in part and remand for re-sentencing.
In our first review of this matter, we set forth some of the pertinent facts as follows:
 On July 9, 1998, defendant was indicted for seven counts of rape with a sexually violent predator specification; seven counts of corruption of a minor; six counts of gross sexual imposition; twenty counts of illegal use of a minor in a nudity oriented performance; and four counts of voyeurism. At the arraignment, defendant entered a plea of not guilty.
 On December 2, 1998, defendant pleaded guilty to the following:
 1. Four counts of corruption of a minor (Counts 2, 9, 10, 20)
 2. Three counts of illegal use of a minor in a nudity oriented performance (Counts 21, 22, 23)
3. Two counts of voyeurism (Counts 41, 42)
 Six months later, on January 28, 1999, a sentencing hearing was held. The trial court sentenced defendant to a prison term of seven (7) years each on counts 21, 22, and 23, to be served consecutively. On counts 41 and 42, defendant was sentenced to thirty (30) days to be served consecutively; however, this part of the sentence was suspended. The trial court also imposed a community control sanction of five (5) years with the following conditions: defendant to be placed under intensive special probation supervision; to be placed on home detention for one (1) year; and to receive sexual offender counseling as determined by probation department. Lastly, the trial court stated any violations of the above conditions would result in the imposition of four consecutive seventeen (17) month prison terms on counts 2, 9, 10, and 20.
 The following day, on January 29, 1999, defendant filed a motion to correct his sentence. He argued counts 21-23 were allied offenses of similar import and thus the trial court should have merged them. The trial court did not rule on this motion.
See State v. Douse (2000), 140 Ohio App.3d 42, 44.
This court subsequently remanded the matter to the trial court for a determination of whether the three charges of illegal use of a minor in a nudity-oriented performance to which defendant pled guilty were in fact allied offenses of similar import. In addition, this court's corrected journal entry additionally stated as follows:
 As for the second and third assignments of error, the state conceded at oral argument that these assignments of error must be remanded as the court failed to make the required findings [in support of this non-minimum, consecutive sentence] mandated by State v. Edmonson (1999), 86 Ohio St.3d 325. In light of our remand on the first assignment of error, the court should resentence accordingly after holding the hearing on allied offenses.
On February 6, 2001, the trial court held a hearing and addressed only the issue of whether the offenses were allied. The trial court ultimately rejected defendant's contention that the three offenses were in fact allied and stated:
 The Polaroids are 1 through 4, that's one photo session. It would certainly appear to me, these other photographs, from 4 to 13 are all kinds of different photo sessions: Different times, different dress or undress the victim was in, different poses, different rooms. They're all separate things.
(Tr. 33). The court concluded that it could not readdress the remainder of the sentence imposed on January 28, 1999, and therefore did not address the issue of whether the consecutive, seven year sentences were properly imposed upon defendant's convictions for illegal use of a minor in nudity-oriented material in compliance with this court's prior remand. See State v. Douse, supra,140 Ohio App.3d at 44. Defendant now appeals and assigns three errors for our review.
Defendant's first assignment of error states:
 CONSECUTIVE SENTENCES WERE ERRONEOUSLY IMPOSED BY THE SENTENCING COURT ON THREE IDENTICALLY CHARGED OFFENSES WHICH WERE ALLIED OFFENSES OF SIMILAR IMPORT, PURSUANT TO R.C. 2941.25.
Defendant pled guilty to three counts of photographing his minor child in a state of nudity in violation of R.C. 2907.323. The indictment for each of these charges indicated that the offense occurred November 1, 1997 through May 29, 1998. Defendant claims that the trial court erred in sentencing him on all three charges.
R.C. 2941.25(A) provides that a defendant may be convicted of only one offense when his conduct constitutes two or more allied offenses of similar import. However, where a defendant's conduct constitutes two or more offenses of dissimilar import, or results in two or more offenses of the same or similar kind committed with a separate animus as to each, the defendant may be convicted of all of them. R.C. 2941.25(B).
The Ohio Supreme Court has set out a two-step test to determine when convictions may be obtained for two or more allied offenses of similar import. In the first step, the elements of the offenses at issue are compared in the abstract to determine whether the elements correspond to such a degree that the commission of one offense will result in the commission of the other. State v. Rance (1999), 85 Ohio St.3d 632, 638. But if a defendant commits offenses of similar import separately or with a separate animus, he may be punished for both pursuant to R.C. 2941.25(B). Id., State v. Jones (1997), 78 Ohio St.3d 12, 13-14.
R.C. 2941.25 is a sentencing statute, so defendant's guilty pleas to multiple offenses does not operate as a waiver of this claim. State v. Kent (1980), 68 Ohio App.2d 151, 154-155. Nonetheless, the burden of establishing that two offenses are allied falls upon the defendant.
Further, in State v. Walder (February 28, 1997), Allen County App. No. 1-96-45, unreported, the court rejected a claim that his convictions for use of a minor in nudity oriented material were actually allied offenses requiring imposition of a single sentence. The court stated:
 Jennifer testified that one of the pictures was taken in the bedroom and the other was taken in the living room. The change in location is enough to show a separate animus for each of the counts. (Emphasis added).
In this instance, defendant asserted that based purely upon the nature of the photographs they were taken in an uninterrupted sequence and with a single animus. To support this claim, defendant's attorneys grouped the photographs into four separate sequences based solely upon their content. Absolutely no evidence was presented to demonstrate that the photographs were in fact taken at the same time, in the same room, etc. Accepting for purposes of argument that defense counsel's grouping of the photographs has some basis in the actual facts surrounding the taking of these photographs, we note that the six photographs from defendant's subgrouping A show the girl in a cheerleading outfit and reveal the girl's genitals. There are at least three separate backgrounds, indicating that they were taken in at least three separate locations. In the photographs sharing a common background, the girl is in a completely different pose. The photographs from defense counsel's subgroup B depict the girl in various stages of nudity and have different backgrounds. Other photographs within this subgrouping depict her shaving, in different outfits, and have different backgrounds. Still other photographs depict only the girl's genitals while the girl is standing or reclining and the background for these photographs is unclear.
From all of the foregoing, we are unable to conclude that the trial court erred in rejecting defendant's claim that the three offenses to which he pled guilty were allied. In short, absolutely no evidence was presented surrounding the taking of the photographs and therefore no relationship among photographs was established. Further, even accepting for purposes of argument defense counsel's claim that it is proper for a court to consider whether the photographs result from a single animus solely by considering any commonality of content, it is beyond dispute that the photographs vary greatly by background, outfit, pose and activity. Defendant therefore did not meet his burden of establishing that the three offenses to which he pled, out of the twenty charges of illegal use of a minor in nudity-oriented material, were actually allied offenses.
This assignment of error is accordingly without merit.
Defendant's second assignment of error states:
 UPON REMAND THE TRIAL COURT FAILED TO FOLLOW THIS COURT'S MANDATE TO RE-SENTENCE THE APPELLANT PURSUANT TO APPLICABLE SENTENCING STATUTES.
Here, defendant asserts that the trial court erred in failing to address the issue of the correctness of the imposition of consecutive seven year sentences for defendant's convictions under R.C. 2907.323, because this court's prior remand of this matter instructed the lower court to do so. The state asserts that this issue has been waived since defendant's attorneys did not advise the trial court of this issue when the court undertook its examination of the issue of allied offenses.
Under the waiver doctrine, a reviewing court will not consider errors that counsel did not timely call to the attention of the trial court so that they could have been avoided or corrected at trial. See State v. Peagler (1996), 76 Ohio St.3d 496, 499. Failure to object waives the issue on appeal unless the error is determined to be plain error pursuant to Crim.R. 52(B). See State v. Underwood, 3 Ohio St.3d at 13. Plain error is to be invoked "only to prevent a manifest miscarriage of justice." State v. Long, supra, 53 Ohio St.2d 91, paragraph three of the syllabus (emphasis added).
While defendant has offered no explanation for his failure to bring this issue to the attention of the trial court, we conclude that the court's failure to address this issue does in fact constitute plain error. Accordingly, we are compelled to once again remand this matter for re-sentencing as set forth in State v. Douse, supra, 140 Ohio App.3d 42,44.
Defendant's third assignment of error states:
 ASSUMING ARGUENDO THAT THE PROCEEDINGS OF FEBRUARY 6, 2001 AMOUNTING TO RE-SENTENCING, THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT AFFORDING APPELLANT THE OPPORTUNITY TO SPEAK IN HIS OWN BEHALF.
Crim.R. 32(A) governs the imposition of sentence and provides, in relevant part:
 * * * At the time of imposing sentence, the court shall do all of the following:
 (1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment. (Emphasis added.)
The purpose of allocution is to allow the defendant an additional opportunity to state any further information which the judge may take into consideration when determining the sentence to be imposed. Defiance v. Cannon (1990), 70 Ohio App.3d 821, 828. The language of the statute is mandatory and is not subject to waiver. State v. Campbell (2000),90 Ohio St.3d 320, 323-324.
In our discussion of the previous assignment of error, we determined that plain error occurred in connection with the trial court's failure to follow our instructions as to re-sentencing as set forth in State v. Douse, supra. Accordingly, this assignment of error is moot and we will not address it herein. App.R. 12.
Affirmed in part and remanded for re-sentencing, pursuant to this court's previous opinion.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., AND TERRENCE O'DONNELL, J., CONCUR.