JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from a sentence imposed by Judge William J. Coyne after the appellant, Leroy E. Banks, Jr., was convicted of two counts of rape[1] and one count of kidnapping.[2] Banks claims the judge erred in imposing consecutive sentences on the rape and kidnapping charges because they are allied offenses of similar import. We vacate the sentence and remand for a hearing on the issue.
 {¶ 2} On November 27, 2001, then 20-year-old Banks pleaded guilty to the rape and kidnapping of a twelve-year-old victim. On January 18, 2002, he was sentenced to concurrent eight year prison terms on each of the two rape counts and a consecutive eight year prison term for kidnapping. On the same day Banks filed a motion to reconsider the sentence, claiming that the kidnapping and rape counts were allied offenses of similar import[3] and he could not be convicted and sentenced for both. On March 22, 2002, the judge denied the motion without holding a hearing. The single assignment of error states:
 {¶ 3} "The trial court erred to defendant's prejudice by sentencing defendant to consecutive terms of prison as the offenses are allied offenses of similar import."
 {¶ 4} The offenses of rape and kidnapping can be allied offenses of similar import if the conduct that constitutes the kidnapping is merely incidental to that necessary to commit the rape offense.[4] When two offenses are so similar in their abstract elements that they can be allied, the judge must hold a hearing to determine whether the offenses were committed with a single animus before entering judgment on both.[5]
Even since State v. Rance[6] kidnapping and rape are considered abstractly allied,[7] and thus the judge must determine whether the offenses were committed with a single animus.
 {¶ 5} Although Banks requests that we find the offenses allied and enter judgment as a matter of law, the judge's failure to hold a hearing and make a determination on the issue prevents our review.[8] On the record before us we are unable to draw any factual conclusions of our own, much less review the facts upon which he based his determination. Moreover, although there may be arguments for affirmance, the State has not filed a brief and Banks' submission reasonably supports a remand for a hearing on the allied offense issue.[9]
Sentence vacated and remanded for resentencing.
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., AND JAMES J. SWEENEY, J., CONCUR
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E), unless a motion for reconsideration with supporting brief, per App.R. 26(A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] R.C. 2907.02.
[2] R.C. 2905.01.
[3] R.C. 2941.25.
[4] State v. Logan (1979), 60 Ohio St.2d 126, 14 O.O.3d 373,397 N.E.2d 1345, syllabus.
[5] State v. Latson (1999), 133 Ohio App.3d 475, 481, 728 N.E.2d 465;State v. Bates, Fayette App. No. CA2001-10-018, 2002-Ohio-5512, at ¶ 27.
[6] 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699.
[7] State v. Brito, Cuyahoga App. No. 80529, 2002-Ohio-3421, at ¶ 11-12; State v. Trammell (June 11, 2001), Butler App. No. CA2000-06-117.
[8] State v. Douse (2000), 140 Ohio App.3d 42, 45-46,746 N.E.2d 649.
[9] App.R. 18(C); Ford Motor Credit Co. v. Potts (1986),28 Ohio App.3d 93, 95-96, 28 OBR 136, 502 N.E.2d 255.