OPINION
{¶ 1} Defendant-appellant David J. Perry, Sr. appeals from his sentence stemming from a rape conviction entered in the Mahoning County Common Pleas Court. The issue presented in this appeal is whether the trial court's issuance of the maximum sentence was unsupported and contrary to the mandates set forth in Ohio's felony sentencing statute. For the following reasons, the decision of the trial court is reversed, appellant's sentence is vacated, and the case is remanded for a new sentencing hearing.
 STATEMENT OF THE CASE {¶ 2} On January 20, 2000, appellant was indicted for conduct arising sometime between September 1, 1999 and December 7, 1999. Appellant was charged with three counts of R.C. 2907.02(A)(1)(b), which entails engaging in sexual conduct with another who is under the age of thirteen. The victims were his three daughters, with one count alleged in connection with each daughter.
 {¶ 3} Initially, appellant was facing life imprisonment (R.C.2907.02(B) states that whoever violates R.C. 2907.02(A)(1)(b) by compelling the victim by force or threat of force shall be imprisoned for life.). However, the parties entered into a Rule 11 plea agreement in which: appellant pled guilty to counts one and two of the indictment; the R.C. 2907.02(B) life specifications in these counts were dismissed; and count three was dismissed in its entirety. Appellant then asked for and was granted an expert to assist in mitigation and sentencing.
 {¶ 4} A sentencing hearing was held on September 18, 2002. After the mother of the victims made a statement, testimony was presented by Dr. Douglas Darnall regarding the psychological report he prepared on appellant. At the conclusion of the hearing, the trial court sentenced appellant to ten years on each count, to be served concurrently. Appellant timely appeals from that sentence, raising one assignment of error.
 ASSIGNMENT OF ERROR {¶ 5} "The trial court erred by sentencing defendant/appellant to the maximum sentence of ten (10) years for each count, said sentence being contrary to law and unsupported by the record."
 {¶ 6} Appellant argues that his sentence is not in compliance with the statutory guidelines for felony sentencing. Specifically, appellant argues that the court failed to comply with R.C. 2929.11(A), 2929.12(B),2929.12(E), and 2929.14(C). When reviewing an alleged felony sentence error, the appellate court can modify or vacate the sentence only if it clearly and convincingly finds that the record did not support the sentence or that the sentence is otherwise contrary to law. R.C.2953.08(G).
 {¶ 7} Under R.C. 2929.11(A), the trial court shall be guided by the overriding purposes of felony sentencing when sentencing an offender for a felony. The two overriding purposes of felony sentencing are to punish the offender and to protect the public from future crime by the offender or other offenders. R.C. 2929.11(A). To achieve those purposes, the court must consider the need for incarcerating the offender, deterring the immediate offender and other future offenders, rehabilitating the offender, and making restitution. R.C. 2929.11(A). Appellant claims that the trial court was required to mention these factors either at the sentencing hearing, or in the judgment entry of sentencing, and that failure to do so constitutes reversible error.
 {¶ 8} While it is widely acknowledged that the court must recognize the purposes set forth in R.C. 2929.11(A) when sentencing for a felony, appellant does not cite (nor can this court find) any case law wherein the trial court is required to express its adherence to these particular principles on the record with specificity. Rather, R.C. 2929.11(A) simply puts forth the general purposes of felony sentencing. Regardless, the trial court here stated in its judgment entry of sentencing that, "The Court considered * * * the principles and purposes of sentencing under ORC § 2929.11 * * *."
 {¶ 9} Furthermore, an examination of the sentence in light of the circumstances of the offense and those purposes listed in R.C. 2929.11(A) reveals that the sentence was made in observance of this statute. The court discusses Dr. Darnell's conclusion that appellant has a chance of perpetrating another offense, albeit recognizing that the chance would be less after the passage of ten years. (Tr. 41). Dr. Darnell testified that while "fixed" sexual offenders would not be deterred by punishing appellant, "regressed" sexual offenders "would probably be deterred * * *." (Tr. 24). Thus, the court recognized the need for incarcerating appellant. As to rehabilitating appellant, the court stated, "* * * the only thing that we can hope and pray for will be that the defendant every day of the next remaining six or seven or eight years that he has to spend will do more for himself than any of these courses that they hand you a certificate for because only you can make yourself graduate from the rut that you're in, and we would hope on behalf of your own family that someday you'll get out and come back and graduate and be successful." (Tr. 43-44). The final purpose, restitution, is not applicable in this case. Accordingly, the court acted in full compliance with R.C. 2929.11(A).
 {¶ 10} Although a trial court must consider the overriding purpose of felony sentencing when sentencing an offender for a felony, the trial court must consider additional criteria and make specific findings if it chooses to sentence an offender to the maximum sentence. Under R.C.2929.14(C) a court may only impose the maximum sentence if it explicitly finds on the record that one of the following four criteria are applicable to the offender: (1) the offender committed the worst form of the offense; (2) the offender posed the greatest likelihood of committing future crimes; (3) the offender was a major drug offender; or (4) the offender is a repeat violent offender. R.C. 2929.14(C); State v. Quardt
(2001), 143 Ohio App.3d 570, 575. If the court finds that any one of these circumstances exists, it must state which circumstances exist, and state its reasons in support of that finding on the record. R.C.2929.19(B)(2)(d); State v. Edmonson, 86 Ohio St.3d 324, 328-329,1999-Ohio-110.
 {¶ 11} Here, the only two applicable criteria are the greatest likelihood of recidivism or the offender committed the worst form of the offense. The trial court's judgment entry states that appellant "poses the greatest likelihood of committing future crimes." However, making this finding in the judgment entry alone is not sufficient to comply with the requirement in R.C. 2929.14(C) that the findings and reasons supporting the findings must be stated on the record. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 20; State v. Newman,100 Ohio St.3d 24, 2003-Ohio-4754. "On the record" means that oral findings must be made at the sentencing hearing. Comer, at ¶ 20. The Ohio Supreme Court explained that requiring the findings to be made at the sentencing hearing has a practical application. Comer, at ¶ 22.
 {¶ 12} "All interested parties are present at the hearing. Thus, an in-court explanation gives counsel the opportunity to correct obvious errors. Moreover, an in-court explanation encourages judges to decide how the statutory factors apply to the facts of the case. If these important findings and reasons were not given until the journal entry there is danger that they might be viewed as after-the-fact justifications." Id. (internal cites omitted).
 {¶ 13} Therefore, the trial court was required to make the findings and reasons supporting that finding at the sentencing hearing.
 {¶ 14} At the sentencing hearing the trial court made the following statement, "* * * recognizing that everything points to a high factor — factor perhaps, not percentage, but recidivism at a later date, * * *." (Tr. 42). This statement does not constitute a finding that appellant has the greatest likelihood of committing future crimes. While magic or talismanic words are not required, the trial court must make an equivalent finding to the factor that it finds exists. State v.McCarthy, 7th Dist. No. 01BA33, 2002-Ohio-5185, at ¶ 12. A high factor of recidivism is not an equivalent finding to the greatest likelihood of committing future crimes. Id. An equivalent finding would be "highest," not "high." Id. Moreover, the record is devoid of any indication that the trial court found that appellant committed the worst form of the offense. As such, the trial court failed to make the requisite findings under R.C. 2929.14(C) on the record. Thus, the sentence must be vacated and the cause must be remanded to the trial court for a new sentencing hearing.
 {¶ 15} Upon remand the trial court must comply with the mandates ofComer that the requisite finding under R.C. 2929.14(C) and reasons supporting that finding must be made at the sentencing hearing. Additionally, since Comer does not address the question of whether the finding and reasons supporting that finding must also be made in the journal entry, we believe it is prudent for the trial court to also state these findings in the journal entry. After all, "[a] court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." State ex rel. Marshall v. Glavas,98 Ohio St.3d 297, 2003-Ohio-857, at ¶ 5, quoting Schenley v. Kauth
(1953), 160 Ohio St. 109.
 {¶ 16} Additionally under this assignment of error, appellant argues that the trial court failed to consider the factors listed in R.C. 2929.12 when either making a determination that appellant committed the worst form of the offense or that appellant has the greatest likelihood of recidivism. While the trial court must state on the record, which as aforementioned means orally at the sentencing hearing, the reasons supporting the finding that the offender committed the worst form of the offense or has the greatest likelihood of recidivism, it is not necessary for the trial court to make specific findings as to each factor listed in R.C. 2929.12 that it considered when imposing the sentence. State v. Arnett, 88 Ohio St.3d 208, 215, 2000-Ohio-302. Therefore, if the trial court reiterates factors similar to those listed in R.C. 2929.12 in support of its determination that the offender met one of the four criteria listed in R.C. 2929.14(C), but does not address every single factor listed in R.C. 2929.12, the trial court is still in compliance with the statute.
 {¶ 17} Here, while the trial court did not specifically go through every factor listed in R.C. 2929.12, the trial court made findings at the sentencing hearing that would support either a worst form of the offense finding or a greatest likelihood of recidivism finding. However, as aforementioned, at the sentencing hearing the trial court did not state that appellant committed the worst form of the offense or had the greatest likelihood of recidivism. Therefore, this assignment of error has merit.
 {¶ 18} For the foregoing reasons, the decision of the trial court is reversed, appellant's sentence is vacated, and this case is remanded for a new sentencing hearing.
Waite, P.J., and DeGenaro, J., concur.