OPINION
{¶ 1} Defendant-appellant David J. Perry Sr. appeals the decision of the Mahoning County Common Pleas Court resentencing him to a maximum sentence of ten years after our remand for a failure to make the requisite findings with reasons on the record at the sentencing hearing. The issue now is whether the court's reasons set forth to support its maximum sentence finding are sufficient and supported by the record. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} In January 2000, appellant was indicted on three counts of rape in violation of R.C. 2907.02(A)(1)(b), which entails engaging in sexual conduct with a child under the age of thirteen. The victims were his three daughters.
 {¶ 3} Each count originally carried a life specification with allegations that the rapes were compelled by force or threat of force. See R.C. 2907.02(A)(1)(b), (B). See, also, State v. Dye
(1998), 82 Ohio St.3d 328, 323 (holding that a person in a position of authority over a child under thirteen may be convicted of rape of that child with force pursuant to R.C.2907.02(A)(1)(b) and (B) without evidence of express threat of harm or evidence of significant physical restraint).
 {¶ 4} Thereafter, the life specifications were dismissed pursuant to a plea agreement. One of the rape counts was also dismissed in exchange for appellant's guilty plea to the remaining two counts of rape. The court ordered a pre-sentence investigation and appointed psychologist Dr. Darnall to evaluate appellant and the victims in order to assist in sentencing.
 {¶ 5} At the first sentencing hearing, the victims' mother and Dr. Darnall testified, and appellant made a statement. The court sentenced appellant to ten years on each count to run concurrently. Appellant filed timely notice of appeal, resulting in State v. Perry, 7th Dist. No. 02CA182, 2003-Ohio-7000.
 {¶ 6} We first disposed of arguments surrounding R.C. 2929.11
and 2929.12. Id. at ¶ 7-9, 16. Then, we agreed with appellant's maximum sentence arguments concerning R.C. 2929.14(C) and2929.19(B)(2)(d). Id. at ¶ 10-15. We held that a high factor of recidivism did not equate with greatest likelihood of recidivism. Id. at ¶ 14, citing State v. McCarthy, 7th Dist. No. 01BA33, 2002-Ohio-5185, ¶ 12. Although the trial court mentioned "greatest likelihood" in its judgment entry, we explained that the Supreme Court required the findings and reasons for a maximum sentence to be placed on the record at the sentencing hearing, not just in the judgment entry. Id. at ¶ 11, citing State v.Newman, 100 Ohio St.3d 24, 2003-Ohio-4754 and State v. Comer,99 Ohio St.3d 462, 2003-Ohio-4165, ¶ 20.
 {¶ 7} We did note that the sentencing court gave reasons that would support a finding that appellant committed the worst form of the offense or a finding that appellant posed the greatest likelihood of committing future crimes, but we concluded that the court did not orally state either of these available statutorily required findings at sentencing. Id. at ¶ 17. Thus, we reversed and remanded for resentencing. Id. at ¶ 18.
 {¶ 8} The new sentencing hearing took place on February 27, 2004. The testimony from the prior hearing was submitted for review. Appellant made a statement and counsel presented arguments. Thereafter, the court reimposed its maximum sentence of ten years on each count to run concurrently. The sentence was journalized on March 1, 2004. Appellant filed timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 9} Appellant's sole assignment of error provides:
 {¶ 10} "THE TRIAL COURT ERRED BY SENTENCING DEFENDANT/APPELLANT TO THE MAXIMUM SENTENCE OF TEN (10) YEARS FOR EACH COUNT, SAID SENTENCE BEING CONTRARY TO LAW AND UNSUPPORTED BY THE RECORD."
 {¶ 11} Although the trial court's explanation at sentencing in support of a maximum sentence is not as detailed as it could have been, especially after our prior remand, the reasons given to support its findings in support of a maximum sentence are statutorily sufficient and are supported by the record.
 {¶ 12} In order to sentence an offender to a maximum sentence, the court must find on the record that the offender: (1) committed the worst form of the offense; (2) posed the greatest likelihood of committing future crimes; (3) is a major drug offender; or (4) is a repeat violent offender. R.C.2929.14(C). At the sentencing hearing, the court must both make one of these findings and state its reasons in support of the finding. R.C. 2929.19(B)(2)(e); Comer, 99 Ohio St.3d 463, at ¶ 20, 26 (applying the statute to consecutive and non-minimum sentences).
 {¶ 13} Here, the court orally made the finding that appellant "definitely" committed the worst form of the offense. (Feb. 27, 2004 Tr. 11). As for reasons in support of this finding, the court explained that appellant's rapes were committed against family members, his own daughters. Id. The court also noted that his victims included children of tender age. Id. This is supported by the record as the two youngest victims were ten and eight at the time of appellant's indictment and claimed to have been raped by their father over the course of years. The court reiterated in its judgment entry that appellant committed the worst form of the offense because appellant raped his children.
 {¶ 14} The trial court could have gone into more detail with its reasons by noting factors such as that the children suffered emotional distress and showed physical signs of rape in medical tests and that the rapes were alleged to have occurred over a period of years. The court could have specified the obvious, that appellant abused his position as their father and confused them for the rest of their lives.
 {¶ 15} Rather than merely stating that it considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, the court could easily have detailed its application of these considerations and factors. However, the court was not required to do so. State v. Arnett (2000), 88 Ohio St.3d 208, 215. Appellant is only entitled to a maximum sentence finding along with sufficient reasons to support that finding. He received that entitlement.
 {¶ 16} The court adequately supported its finding that appellant committed the worst form of the offense at the sentencing hearing as required by the sentencing statutes andComer's interpretation thereof. Clearly the court can determine that one of the worst forms of the offense of this type of rape occurs when the defendant rapes his own daughters; two of whom were very young at the time of indictment and even younger when the rapes allegedly started. Appellant's arguments to the contrary are without merit.
 {¶ 17} Because the worst form of offense finding was sufficiently supported with reasons, analysis of the court's reasons supporting its greatest likelihood of recidivism finding is unnecessary.
 {¶ 18} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, J., and DeGenaro, J., concurs.