OPINION
{¶ 1} Appellant Tony E. Hooper was convicted, pursuant to a Crim.R. 11 plea agreement, on one count of rape and one count of gross sexual imposition. He was sentenced to maximum consecutive sentences, for a total of 15 years in prison. On appeal he is alleging that the two counts were allied offenses of similar import and should not have warranted separate prison sentences. He also contends that the trial court did not follow the felony sentencing statutes when imposing maximum consecutive sentences. The record indicates that Appellant waived any error relating to allied offenses of similar import, but that sentencing errors did occur that require the case to be remanded for resentencing. The convictions are hereby affirmed, but the sentence is vacated and the case remanded to the Columbiana County Court of Common Pleas for resentencing.
 {¶ 2} On September 29, 2000, the Columbiana County Grand Jury indicted Appellant on one count of rape, in violation of R.C. §2907.02(A)(1)(b). Specifically, the indictment charged Appellant with engaging in sexual conduct with a minor less than 13 years of age. The crime is a first degree felony. The indictment also carried a force specification, as described in R.C. § 2907.02(B), which carries a sentence of life imprisonment. A subsequent bill of particulars explained that Appellant engaged in anal sex with the victim, licked his anal cavity, and forced the victim to lick his anal cavity.
 {¶ 3} On March 14, 2001, Appellant signed a Crim.R. 11 plea agreement, and agreed to plead guilty to one count of rape and one count of gross sexual imposition. The prosecutor agreed to drop the force specification, thus removing the possibility of a life sentence. Appellant also agreed to stipulate that he is a sexual predator. On March 15, 2001, Appellee filed a prosecutor's information containing one charge of gross sexual imposition, R.C. § 2907.05(A)(4), a third degree felony punishable by one to five years in prison.
 {¶ 4} A plea hearing took place on March 14, 2001, in the Columbiana County Court of Common Pleas, and sentencing was held on April 13, 2001. The prosecutor recommended imposing maximum consecutive sentences, and the court did so, imposing a total of 15 years in prison on the two charges.
 {¶ 5} On May 21, 2003, Appellant filed a pro se motion for delayed appeal, which was sustained on September 12, 2003, and counsel was appointed. After numerous delays, briefs by both parties were finally submitted. Appellant presents two assignments of error for review.
 ASSIGNMENT OF ERROR NO. 1 {¶ 6} "The lower court erred in convicting and sentencing the Defendant-Appellant, Tony Hooper, on both charges to which Tony Hooper pled, Rape and Gross Sexual Imposition, as Gross Sexual Imposition is a lesser included offense to Rape, and they are allied offense [sic] of similar import, pursuant to Ohio Revised Code Section 2941.25(A) and the Fifth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 7} Appellant contends that his guilty plea contains two allied offenses of similar import. The phrase "allied offenses of similar import" means that the elements of the crimes correspond to such a degree that one crime cannot be committed without also committing the other. State v. Jones (1997), 78 Ohio St.3d 12,13, 676 N.E.2d 80.
 {¶ 8} Appellant also argues that the gross sexual imposition charge is a lesser included offense of rape. "Lesser included offense" was defined in State v. Deem (1988),40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus:
 {¶ 9} "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."
 {¶ 10} Appellant contends that the trial court should not have imposed a separate punishment for an allied offense of similar import or a lesser included offense, namely, the crime of gross sexual imposition. Appellant argues that this violates both Ohio's criminal statutes and represents a constitutional double jeopardy violation.
 {¶ 11} The Double Jeopardy Clause of the Fifth Amendment states that no person shall, "be subject for the same offence to be twice put in jeopardy of life or limb[.]" The Ohio Supreme Court has held that: "The double jeopardy protections afforded by the federal and state Constitutions guard citizens against * * * cumulative punishments for the `same offense.'" State v. Rance
(1999), 85 Ohio St.3d 632, 634, 710 N.E.2d 699.
 {¶ 12} R.C. § 2941.25 sets forth the conditions under which multiple punishments may and may not be imposed for the same or similar offenses:
 {¶ 13} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 14} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 15} Animus refers to the defendant's immediate criminal motive, intent or state of mind. State v. Blankenship (1988),38 Ohio St.3d 116, 119, 526 N.E.2d 816.
 {¶ 16} Appellant is correct that gross sexual imposition (R.C. § 2907.05) is both a lesser included offense and an allied offense of similar import of rape (R.C. § 2907.02). State v.Johnson (1988), 36 Ohio St.3d 224, 522 N.E.2d 1082; State v.Abi-Sarkis (1988), 41 Ohio App.3d 333, 336, 535 N.E.2d 745. Appellant is incorrect, though, that reversible error occurred with respect to this issue.
 {¶ 17} Appellant's arguments are unpersuasive for three main reasons. First, Appellant entered into a plea bargain in which he agreed to plead guilty to two separate crimes. As part of the plea bargain, the prosecutor agreed to drop the force specification in the original rape charge, which carried a potential life sentence. This guilty plea was accepted by the trial court. A guilty plea waives all appealable errors except for a challenge as to whether the defendant made a knowing, intelligent and voluntary acceptance of the plea. State v.Spates (1992), 64 Ohio St.3d 269, 272-273, 595 N.E.2d 351. Appellant is not arguing that his plea was involuntary, and thus, he has no other argument to pursue on appeal with respect to his guilty plea.
 {¶ 18} Secondly, even if Appellant had not waived this error by entering a guilty plea, he waived it because he did not object or otherwise raise the error at trial. State v. Douse (2000),140 Ohio App.3d 42, 47, 746 N.E.2d 649. "[A]ppellant did not object at trial to his conviction and sentence on the basis that the offenses with which he was charged were allied offenses of similar import, and so waives the argument on appeal." State v.Burge (1992), 82 Ohio App.3d 244, 249, 611 N.E.2d 866.
 {¶ 19} Finally, Appellant is mistaken that he cannot be given a separate punishment for gross sexual imposition simply because it is an allied offense or lesser included offense of rape. There is no statutory or constitutional prohibition against imposing separate punishments for allied offenses or lesser included offenses if they are committed independently or with a separate animus. R.C. § 2941.25(B); State v. Gopp, 154 Ohio App.3d 385,2003-Ohio-4908, 797 N.E.2d 531, ¶ 8. Appellant pleaded guilty to having committing two separate crimes against the same victim "on or about" July 26, 2000. It is certainly possible to commit two separate crimes, with separate factual circumstances and separate animus, against the same victim "on or about" the same day, and Appellant pleaded guilty to committing those two separate crimes.
 {¶ 20} We must also note that Appellee makes a very good point that it is disingenuous for Appellant to enter into a plea bargain in which a force specification is removed (carrying a life sentence) and replaced with a second charge that carries a maximum five-year prison term, and then to complain on appeal that he cannot be sentenced for the additional charge that was part of the plea bargain. If there had been error in the trial court's handling of the sentence for the charge of gross sexual imposition, Appellant actively solicited the error by entering into the plea bargain in the first place. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 2 {¶ 21} "The lower court erred in sentencing Defendant-Appellant, Tony Hooper, to more than the minimum sentence on each count, in sentencing Tony Hooper to the maximum sentence on each count, and in sentencing Tony Hooper to consecutive sentences."
 {¶ 22} Appellant is challenging three aspects of his sentence: the maximum prison terms; the consecutive prison terms; and the fact that he received more than the minimum prison term set forth in the felony sentencing statutes. R.C. § 2953.08(A)(1) and (C) permit a defendant to appeal a judgment imposing maximum or consecutive prison terms. R.C. § 2953.08(A)(4) also permits a defendant to challenge a sentence that is "contrary to law".
 {¶ 23} The standard of review of appeals involving felony sentencing is contained in R.C. § 2953.08(G):
 {¶ 24} "(G)(1) If the sentencing court was required to make the findings required by division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code relative to the imposition or modification of the sentence, and if the sentencing court failed to state the required findings on the record, the court hearing an appeal under division (A), (B), or (C) of this section shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings.
 {¶ 25} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 26} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorizedby this division if it clearly and convincingly finds either of the following:
 {¶ 27} "(a) That the record does not support the sentencingcourt's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 28} "(b) That the sentence is otherwise contrary tolaw." (Emphasis added.)
 {¶ 29} As a preliminary matter, we note that this case does not appear to involve a negotiated agreement as to sentencing. A criminal defendant may not appeal a jointly recommended sentence, pursuant to R.C. § 2953.08(D):
 {¶ 30} "(D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 31} Although the prosecutor and Appellant negotiated a plea agreement, there is no indication that Appellant agreed to be sentenced to 15 years in prison. The parties' plea agreement entered into on March 14, 2001, is only one page long, and states that the prosecutor will recommend a 15-year prison sentence and will oppose probation. It does not state that Appellant agreed to that sentence, and Appellant's counsel actively sought a lesser sentence at the April 13, 2001, sentencing hearing. Therefore, it would appear that Appellant did not waive his right to appeal his sentence, even though he entered into a Crim.R. 11 plea agreement.
1. Consecutive prison terms.
 {¶ 32} The Ohio Supreme Court has held that certain findings must be made at the sentencing hearing in order for the trial court to properly impose consecutive sentences. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. This requirement is based partly on the specific wording of R.C. §2929.19(B), which states:
 {¶ 33} "(B)(1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared, the presentence investigation report made pursuant to section 2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051 of the Revised Code.
 {¶ 34} "(2) The court shall impose a sentence and shall makea finding that gives its reasons for selecting the sentenceimposed in any of the following circumstances:
 {¶ 35} "(a) Unless the offense is a sexually violent offense for which the court is required to impose sentence pursuant to division (G) of section 2929.14 of the Revised Code, if it imposes a prison term for a felony of the fourth or fifth degree or for a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13 of the Revised Code for purposes of sentencing, its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender.
 {¶ 36} "(b) If it does not impose a prison term for a felony of the first or second degree or for a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and for which a presumption in favor of a prison term is specified as being applicable, its reasons for not imposing the prison term and for overriding the presumption, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and the basis of the findings it made under divisions (D)(1) and (2) of section2929.13 of the Revised Code.
 {¶ 37} "(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences;
 {¶ 38} "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term;
 {¶ 39} "(e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14
of the Revised Code, its reasons for imposing the maximum prison term." (Emphasis added.)
 {¶ 40} Comer also held that: "[w]hile consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision." Id. at ¶ 21.
 {¶ 41} Although Comer was decided after Appellant was convicted and sentenced, its holding must nevertheless be applied retrospectively to cases on direct appeal, based on the holding of the Ohio Supreme Court in Peerless Elec. Co. v. Bowers
(1955), 164 Ohio St. 209, 210, 57 O.O. 411, 129 N.E.2d 467, that, "a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law."
 {¶ 42} R.C § 2929.14(E)(4) sets forth the specific findings the sentencing court must make in order to impose consecutive sentences:
 {¶ 43} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 44} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 {¶ 45} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 46} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 47} This statute requires the sentencing court to make four findings:
 {¶ 48} 1. Consecutive terms are necessary to:
 {¶ 49} (A) Protect the public from future crime; OR
 {¶ 50} (B) Punish the offender.
 {¶ 51} 2. Consecutive sentences are not disproportionate to the seriousness of the offender's conduct.
 {¶ 52} 3. Consecutive sentences are not disproportionate to the danger the offender poses to the public.
 {¶ 53} 4. The court must make at least one of the following findings as well:
 {¶ 54} (A) The offender committed the multiple offenses while the offender was awaiting trial or sentencing; OR
 {¶ 55} (B) The offender committed the multiple offenses while under a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code; OR
 {¶ 56} (C) The offender committed the multiple offenses while under post-release control for a prior offense; OR
 {¶ 57} (D) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; OR
 {¶ 58} (E) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime.
 {¶ 59} As mentioned earlier, R.C. § 2929.19(B)(2) requires the sentencing court to provide reasons to support each finding when attempting to impose consecutive sentences.
 {¶ 60} The court found that consecutive sentences were necessary to protect the public. (Tr., pp. 39-40.) The court found that harm caused by the crime was so great as to justify consecutive sentences. (Tr., p. 40.) The court also gave some reasons to support these findings, such as the young age of the victim and the fact that Appellant was a neighbor of the boy. Nevertheless, the court failed to find that consecutive sentences were not disproportionate to the seriousness of the offender's conduct or to the danger posed to the public. Because the trial court failed to make at least one of the required findings, and failed to provide reasons for some of the required findings, the judgment of sentence must be vacated and the case remanded for resentencing.
2. Maximum prison terms.
 {¶ 60} Looking now at the maximum prison terms imposed, the applicable version of R.C. § 2929.14(C) states:
 {¶ 61} "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose thegreatest likelihood of committing future crimes, upon certainmajor drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." (Emphasis added.)
 {¶ 62} As stated earlier, Comer now dictates that all necessary sentencing findings be made at the sentencing hearing. Although Comer dealt with consecutive and minimum sentences rather than maximum sentences, a subsequent Supreme Court decision has applied the Comer rationale to the imposition of maximum sentences. State v. Newman, 100 Ohio St.3d 24,795 N.E.2d 663, 2003-Ohio-4754, at ¶ 1; see also State v. Perry,
7th Dist. No. 02 CA 182, 2003-Ohio-7000, ¶ 10-13. Therefore, for a maximum prison term to be valid, the trial court must make the necessary findings and give supporting reasons at the sentencing hearing.
 {¶ 63} Of the four possible findings described in R.C. §2929.14(C) that could justify imposing a maximum sentence, the only one that the trial court could have relied upon in the instant case is that the offender committed the worst form of the offense. It appears that the trial court did attempt to make that finding. The trial court stated that, "[t]he two offenses taken together here I think can justifiably be viewed as the worst forms of these offenses and there is plenty of case law in Ohio to support that." (Tr., p. 40.)
 {¶ 64} It is not clear from the transcript, though, that the court made this finding in reference to imposing maximum sentences. In fact, the judge never specifically discusses maximum prison terms at all, and it seems more likely that the court made the finding in reference to imposing consecutive sentences.
 {¶ 65} Assuming arguendo, though, that the "worst form of the offense" finding referred to the requirements of maximum sentences, the court also failed to give reasons that align with the court's finding that Appellant committed the worst form of the offense. Comer now requires that the court's reasons be aligned with the findings. Comer at ¶ 21. The trial judge gave many reasons to justify imposing consecutive sentences, but not for imposing maximum sentences. (Tr., p. 39.)
 {¶ 66} Seeing that the trial court did not make the requisite findings and failed to give corresponding reasons to impose maximum sentences, the case must be remanded for the court to make those findings. See R.C. § 2953.08(G).
3. More Than The Minimum prison terms.
 {¶ 67} There is a presumption for imposing the minimum prison term on first-time offenders in Ohio. State v. Edmonson (1999),86 Ohio St.3d 324, 326, 715 N.E.2d 131. It appears from the record that Appellant has not previously served a prison term, and thus, the statutory presumption for the minimum prison term would apply in this case.
 {¶ 68} R.C. § 2929.14(B) states:
 {¶ 69} "(B) Except as provided in division (C), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 70} The findings required by R.C. § 2929.14(B) must be made at the sentencing hearing. Comer, supra. The trial court does not need to give supporting reasons for making either of the two required findings when it imposes more than the minimum sentence. State v. Edmonson (1999), 86 Ohio St.3d 324, 326,715 N.E.2d 131.
 {¶ 71} The trial court stated at sentencing that, "anything other than a prison sentence on these counts would certainly demean the seriousness of these offenses. In my mind I am glad the law makes them mandatory, anything else would be insufficient to punish you and to protect the public from future conduct." (Tr., p. 39.)
 {¶ 72} The court also stated that, "[these] circumstances certainly lead the Court to the conclusion that anything other than consecutive sentences in this case would demean the seriousness of what you did. They would be insufficient to protect the public from what is indicated to me clearly by your conduct * * *." (Tr., pp. 39-40.)
 {¶ 73} Both of these statements by the trial court are typical of the type of findings needed to impose more than a minimum sentence. We also note that R.C. § 2929.14(B) provides exceptions to the requirement to provide specific findings to support a sentence that is more than the minimum. One of those exceptions is when the trial court imposes maximum sentences pursuant to R.C. § 2929.14(C). The Ohio Supreme Court has held that a sentencing court is not required to make the findings in R.C. § 2929.14(B) when the sentencing court properly imposes a maximum sentence pursuant to R.C. § 2929.14(C). See State v.Evans, 102 Ohio St.3d 240, 2004-Ohio-2659, syllabus. Upon remand, the trial court should continue to keep in mind the requirements of R.C. § 2929.14(B) if it is imposing more than the minimum prison term permitted by law.
 CONCLUSIONS {¶ 74} We are not persuaded by Appellant's argument that the trial court incorrectly imposed multiple sentences for allied offenses of similar import. Appellant is correct, though, that errors were made at sentencing. Therefore, we overrule Appellant's first assignment of error and sustain his second assignment of error. The sentence is hereby reversed and this case is remanded for the trial court to make the proper findings to support maximum consecutive sentences.
Vukovich, J., concurs.
DeGenaro, J., concurs.